## CRUMP ET AL. VS. STARKE.

In an action of trespass against the plaintiffs, their attorney and the sheriff, for levying an execution upon, and selling the property of a third person, if there be any evidence, though slight, against the attorney as a co trespasser, this court could not set aside the verdict against him for not being supported by evidence.

Where the record states that the suit against a defendant not served with process, was discontinued, this court will hold such statement to be true, although the bill of exceptions presents a different state of facts.

The owner of property, levied upon under an execution against another person, and who had claimed it as his own, is not estopped, by bidding for the property at the sale, from asserting his title in an action of trespass against the sheriff.

The death of a witness at the time of the trial does not make his writing any more evidence than his unsworn declarations would be.

An objection to the testimony of a witness after verdict, comes too late—it should be made when the witness is called to the stand.

The objection that the damages are excessive, will be considered as waived, if not made one of the grounds of the motion for a new trial.

That a jury on the trial of the right of property, has failed to find for the claimant, is no bar to an action of trespass for selling his property.

### Appeal from Crittenden Circuit Court.

Hon. MARK W. ALEXANDER, Circuit Judge.

GARLAND & RANDOLPH, for appellants.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Crenshaw and Chambers were plaintiffs in an execution against James B. Harris; Kortricht was their attorney, and Crump was the sheriff of Crittenden county. Crump levied on thirteen bales of cotton as the property of Harris, which Starke claimed; a contest was had in a trial of the right of property before the sheriff, which resulted in nothing, as the jury could

not agree upon a verdict, and was discharged by the sheriff, with the consent of the parties. Kortricht had been the attorney of Crenshaw and Chambers in the suit in which judgment was rendered, appeared for them on the trial of the right of property, and, after the disagreement and discharge of the jury, declared his purpose to have the cotton sold under the execution. Against this, Starke, by his attorney, protested, and notified Crump and Kortricht that if they proceeded to sell the cotton, he would hold them responsible for so doing. Crump and Kortricht were heard to talk about the former being indemnified for selling the cotton, but the witness could not say that he had seen the bond of indemnity. Neither Crenshaw or Chambers was present; Kortricht, as their attorney, had the whole management of their business. This was at the trial held by the sheriff, which seems to have been an animated and protracted contest, lasting for two days.

The above statement contains all the facts that bear personally upon Kortricht, except that it is put down in the sheriff's report of the sale, endorsed on the execution as his return, that he had paid four hundred and fifty dollars of the proceeds of the sale of cotton and other property to the plaintiffs' attorney. And it is evident that the proof is slight to charge him as a co-trespasser with the sheriff for taking the cotton; yet it is evidence appropriate to the issue of not guilty, which Kortricht pleaded to the action; the jury had it in charge to determine its effect, and having found a verdict against Kortricht, we cannot say that it ought to be set aside for not being supported by any evidence. If this had been an action of trover, as stated by counsel, the argument would have been good that the verdict was wrong. For, as Kortricht did not sell or buy the cotton, no conversion being proved against him, an action of trover would necessarily have failed; but in trespass, he could be regarded as an encourager of taking the cotton, and therefore as a participator in the alleged wrong.

It is urged for Crump and Kortricht, that the judgment should have been arrested, and a new trial granted, inasmuch as

Crenshaw and Chambers were not served with process, and had made no appearance to the suit. We need not discuss this prominent point of the case, as the record does not present it for our decision. The record of the court shows a regular discontinuance of the cause in proper time, before trial, as against Crenshaw and Chambers; the verdict and judgment are only against Crump and Kortricht, and does not notice the different state of facts disclosed in the bill of exceptions. That implies that the verdict was against Crenshaw and Chambers, that the discontinuance was not entered until after the motions for new trial and arrest of judgment had been filed, and that there was a contest between the parties, in which the court overruled the objection of the defendants in allowing the discontinuance. If the facts were as assumed by the bill of exceptions, they should have appeared among the record entries of the case. It was not the office of the bill of exceptions to contain the rulings of the court upon this subject; that could include only such matters as are not matters of record, unless embraced in a bill of exceptions. And in the contrariety between the record and the bill of exceptions in this case, the record must prevail. *Lyon vs. Evans*, 1 *Ark.* 360; *Hixon vs. Weaver*, 4 *Eng.* 136. This court has held that the bill of exceptions would overcome the record in opposite statements respecting the rejection of evidence, as such fact is proper to be brought into the record only by bill of exceptions. *Rogers vs. Diamond*, 13 *Ark.* 482. This is not inconsistent with the other decisions cited, and has no application to the present case. And with this point, must also fall, as depending upon the same principle, the objection that Crenshaw was dead at the time of the trial.

When the cotton was sold by Crump under execution, Starke bid for and bought it; and Crump and Kortricht therefore claim that he is estopped from recovery in this suit.

The pleadings in the case upon this matter are very irregular, but we shall consider the subject as if it were given in evidence, the only way in which estoppels in matters of fact

can be brought to the notice of a legal tribunal. Each case of estoppel that does not depend upon a deed or record, must be considered upon its own circumstances, but generally a party is not estopped by an act or admission that was not designed to influence, and did not influence the conduct of a party relying upon the estoppel. *Prater vs. Frazer*, 6 *Eng*. 264. There can be no pretence that Crump was influenced by the presence and by the bidding of Starke at the sale of the cotton, which he, as sheriff, was making under the authority of the execution and of the law. It did not injure the sheriff that one who claimed the property as his own, and had notified the sheriff not to take or sell it but upon a view of his responsibility to the claimant, was the purchaser. So that the sheriff got the most money that any man would pay for the cotton, it was immaterial to him that the buyer had claimed it as his own, and not subject to an execution against Harris. And it could not have been the design of Starke to affect Crump, for no man in his senses would have expected a public officer to be influenced by the presence or absence of a single bidder, or by the assertion of a claim that had been considered by the plaintiffs in the execution, under whose directions Crump must be taken to have been acting in selling the cotton. The character of the transaction might be different, if this suit had been a controversy between Starke and one who had bought the cotton at the sale. Then, in favor of the purchaser, in the proper court, the acts of Starke might have been set up as an equitable estoppel, if it had been shown that the purchaser acted upon the conduct of Starke, and that having so done, the assertion of his claim would be injurious and inequitable to the right which Starke's acquiescence in the sale had encouraged the purchaser to acquire. See *Danley vs. Rector*, 5 *Eng*. 226; *Norris vs. Norton*, 19 *Ark*. 321, where the principle is recognized, though the application in those cases was to a different state of facts.

The letter and receipt of Harris, which was the subject of the petition of Crump and Kortricht, would have been evidence

against Harris, in any controversy, to which he was a party, concerning the ownership of the cotton, but it is not perceived how they could be used against Starke. They were nothing but representations of Harris by which Starke could not be bound. Harris, if alive, might have been called as a witness, and according as his testimony might have been, the letter and receipt might, or might not, have been brought into the case as evidence, but that Harris was dead at the time of the trial in the Circuit Court, did not make his writings evidence against Starke, any more than his unsworn declarations would have been evidence.

The objection to the testimony of Mrs. Harris was made too late, if it could have been made at all, which is not perceived, but which we need not decide. But if it had been intended to assign her testifying as a ground for new trial, a question should have been raised upon her competency when she was introduced as a witness, at least before an unfavorable verdict was given.

Although the only evidence of the value of the cotton is to be found in the price at which it was sold, and that was somewhat less than the amount of the verdict, it must be remembered that this is not an action of trover, in which the damages are exclusively measured by the value of the property, but an action of trespass in which a wider range in the assignment of damages is allowed. *Clark vs. Bates*, 15 *Ark*. 458. And this objection is waived, as it was not insisted on as a ground for new trial.

No question can be raised upon the third plea of Crump, but the demurrer to it was properly sustained. That the jury on the trial of the right of property did not find the cotton to be the plaintiff's property, was no bar to his suit.

There are all the points that need to be considered in the case, although we have not felt it necessary to specify the manner in which they appear upon the transcript, which is fruitful of alleged difficulties.

The judgment is affirmed.