BROOKS *v.* STATE.

Opinion delivered December 16, 1918.

1. CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS.—Assignments of error challenging the sufficiency of the evidence to sustain the verdict and the court's refusal to give requested instructions can be brought into the record only by bill of exceptions.

2. CRIMINAL LAW—APPEAL—IMPEACHING RECORD.—Entries in the judgment record cannot be impeached by contradictory statements in the bill of exceptions.

3. CRIMINAL LAW—APPEAL—FILING BILL OF EXCEPTIONS.—Where appellant was allowed 30 days in which to file bill of exceptions by judgment record, a purported bill, filed after 30 days will not be considered.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The bill of exceptions was not filed in time. 9 Ark. 133.

HUMPHREYS, J.   Appellant was indicted for murder in the first degree and tried and convicted of murder in the second degree in the Desha Circuit Court. His punishment was fixed at ten years in the State penitentiary and judgment rendered accordingly.   An appeal from the judgment of conviction has been duly prosecuted to this court.

The assignments of error set out in the motion for a new trial challenge (1) the sufficiency of the evidence to sustain the verdict and judgment; (2) the refusal of the court to give, respectively, instructions 1 and 2 requested by appellant.   Errors of this character can be

brought into the record by bill of exceptions only. It is stated in the purported bill of exceptions that appellant was allowed sixty days in which to file his bill of exceptions, but the judgment record itself shows to the contrary. According to the judgment record, appellant was allowed only thirty days in which to file his bill of exceptions after September 4, 1918. The purported bill of exceptions was not filed until October 29, 1918. The rule heretofore announced by this court is to the effect that, "where the entries in the record are inconsistent with the statement contained in the bill of exceptions, the former shall prevail over the latter." *Hixon* v. *Weaver,* 9 Ark. 133; *Crump et al.* v. *Starke,* 23 Ark. 131. Under this well established rule, we must treat this case as if the record contained no bill of exceptions whatever. For that reason the judgment is affirmed.