## SCHOOLER v. THE STATE.

CRIMINAL LAW.—*Keeping Gambling Apparatus.—Evidence —Hearsay.*—Upon the trial of a defendant indicted for being "unlawfully the keeper of a certain faro-bank, for the purpose of wagering thereon articles of value," the court, over the objection of the defendant, permitted a witness on behalf of the State to testify that he had understood "from others, that the defendant" and another "were the owners of the faro-bank," and that he knew its ownership only "by hearsay."

*Held*, that the evidence was merely hearsay, and incompetent, and its admission erroneous.

From the Montgomery Circuit Court.

*J. M. Thompson*, *W. H. Thompson* and *J. R. Courtney*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant for being

"unlawfully the keeper of a certain faro-bank, for the purpose of wagering thereon articles of value."

No question is made upon the sufficiency of the indictment. Trial and conviction.

A question as to the competency of evidence is reserved in the record, for our consideration.

During the trial, the State offered to prove by a competent witness, "that he, the witness, had heard from other persons, and from rumor generally, that the defendant, Clay Schooler, and one Howard Wilson were the owners and keepers of the faro-bank; and that, in the room where the faro-bank was kept, [it] was generally understood and spoken of as the faro-bank of Schooler & Wilson, to which the defendant objected, on the ground that such testimony was only hearsay, and inadmissible for that reason. The attorney for the State then said he would bring the testimony home to the defendant, by showing that it was generally understood, in the room where the faro-bank was kept, that it belonged to the defendant and Wilson, and said faro-bank was so treated at all times, when the defendant was present in the room. The court then remarked that the testimony would be admitted, but that it could only be evidence against the defendant, in the event that he had knowledge of this understanding and rumor, that he was one of the owners of the faro-bank, and that it was treated as the faro-bank of himself and Wilson; and the court overruled the said objection, and permitted said witness to testify to the jury as follows: 'I have understood from others that the defendant and one Howard Wilson were the owners of the faro-bank; I do not know who owned it, except by hearsay,' to which ruling of the court, in admitting said testimony, the defendant at the time excepted."

This evidence was improperly admitted. The witness did not state when, where, nor from what facts, he "understood from others that the defendant and one Howard Wilson were the owners of the faro-bank;" and if such

understanding had been derived "from others" in the room where the faro-bank was kept, it would not have been competent evidence, unless the facts upon which the witness founded his understanding were stated and brought home to the knowledge of the defendant. The witness could not testify as to his understanding, but only to facts, leaving the jury to ascertain the proper understanding arising therefrom.

A question is also made upon overruling a motion by the appellant for a change of venue; and upon giving oral instructions to the jury by the court, over the objections of the appellant, and against his request that they should be in writing; but these questions will probably not arise again upon a new trial, and need not, therefore, be now examined.

For admitting incompetent testimony to the jury, upon the trial of the case, the judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.