Sewall, J.
The only exception assigned in the reasons of appeal, which the Court takes notice of, is the want of publication of the instrument as and for the last will and testament of the deceased. The question arising from the facts stated is, whether there has been a publication. I do not find any cases which have been decided expressly determining what amounts to a publication ; but there must be proof that the person knew the instrument to be his will—that he intended it as such. In the case'now under consideration, there is no evidence, excepting the signature of the deceased, of these facts. I do not think that any particular ceremony of publication is necessary, or material; but the deceased ought at least to have known and understood that he was executing his will. There is no evidence that he had any idea of that being the fact; but, as far as the evidence goes, it proves the contrary.
Sedgwick, J.
The statute 1783, c. 24, does not expressly require publication, nor is there any thing to be found in the books directly in point on the subject. But, in my opinion, it ought at least to appear that the person knew he was executing his will, and *199 that he communicated that fact to those who were called to attest the same as witnesses; and * this is necessary [ * 263 ] to prevent imposition, from the situation in which persons frequently are at the time of executing,these instruments. In the present case, there are no circumstances, there is no kind of evidence that the deceased knew or supposed that he was executing his will, or that he even suggested it to the subscribing witnesses; but, as far as a negative can be proved, the reverse is proved, viz., that he did not know or suppose that to be the fact.
Dana, C. J.
No precise form, of publication is necessary. There is one case in which it is said that where these words, “ take notice,” were used, it was sufficient. That was, in my opinion, carrying it a great way. That case, however, was not finally determined. But, in the case now before us, nothing was said as to what the deceased was doing, nor is there a particle of evidence that he knew he was executing a will: rather the contrary. The circumstances in evidence respecting the deed, make it probable that he thought he was executing the deed. As to the minutes carried to Justice Pike, admitting the minutes were sent by the deceased, they were not followed. The devise to his widow was left out. But to go back, there was nothing said, nothing done, excepting barely the signature, which indicated an intention in the deceased to make a will. These circumstances, taken into connection with the advanced age, and the then situation, of the deceased, and his death shortly after, are conclusive to show that the instrument exhibited ought not to be established as his will. (1)

Decree reversed

 It is laid down in most of the elementary works, that publication of a will is an essential part thereof. Still, however, if by publication it is meant that the teslator, at the time of the execution of the will, should make known to the witnesses that the instrument they are called upon to attest is his will, it may be doubted whether publication be necessary to its validity. It is requisite, to prevent imposition, that it should appear that the testator knew the nature of the instrument he executed. Any thing more would seem to be superfluous. It would hardly be contended that a will in the hand-writing of the testator, would be invalid because the witnesses were not apprized that it was a will to which they had attested. Indeed, it has been decided that, where the witnesses were deceived by the testator, and induced to suppose that he had executed a deed, and not a will, it being delivered as his act and deed, and the words “ sealed and delivered ” put above the place where they were to write, that this was a sufficient execution.—Trimmer vs. Jackson, Burns' Eccl. Law, 117.— This has been called a publication; but surely the instrument was not published as a will V‘de the case of Peate vs. Ougly, Com. Rep. 197.