BENJAMIN H. GERRISH *versus* WILLIAM NASON & *al.* Ex'rs.

Where the will is not in the handwriting of the deceased, and the witnesses are present and competent to testify, it is incumbent on the party who would establish the will to satisfy the jury from the proof, that the testator knew, at the time of the execution of the instrument, that it was his will; and this must appear either from positive testimony, or from circumstances furnishing satisfactory proof of the fact.

Where a will is to be proved, the law does not presume that the party signing it was sane at the time, as in the case of the making of other instruments; but the sanity is to be proved.

THIS was an appeal from a decree of the Judge of Probate, approving an instrument as the last will and testament of Elizabeth F. Gerrish. Two of the subscribing witnesses were present and testified on the trial before the jury, SHEPLEY J. presiding, and the testimony of the other was read from the minutes of the Judge of Probate by consent, the witness having since deceased. There were no persons present at the time of the signing but the testatrix, the three witnesses, and the person who wrote the instrument, and who was a legatee and an executor. It appeared from the statements of these witnesses, that they were present, and saw the deceased sign a paper which they witnessed, and which they now know to be the instrument produced as a will; that she requested them to see her sign her name. It did not appear from the testimony, that the instrument was spoken of by any one present as a will, or that its character was then mentioned; but that nothing was said about it. When they had all signed, the person who wrote the will asked her, "what he should do with the paper, and she replied, that he must keep it." The witnesses severally stated, that they did not know, that the paper they had witnessed was a will, while they were present at that time.

The appellant, who was the brother of the deceased, and her heir at law, denied that she was of sound and disposing mind at the time, and also that she knew the contents of the instrument, and executed it as her will.

The counsel for the appellees contended, that if the testatrix

was of sane mind at the time of the execution of the instrument, the production of it, purporting to be her will, with her signature thereto, duly attested by the three witnesses, would afford *prima facie* proof that she executed the instrument as her will, and that she would by law be presumed to have known its contents.

On this point the presiding Judge instructed the jury, that they must be satisfied from the proof in the case, that the testatrix knew at the execution, that it was her will; and that this fact must be proved, either by positive testimony, or by circumstances furnishing them satisfactory proof.

The verdict was in favor of the appellant, and the respondents filed exceptions to the ruling of the Judge.

They also filed a motion for a new trial, because the verdict was against evidence.

*Howard*, for the respondents, argued that the jury should have been instructed, as was contended for at the trial on behalf of the respondents; and that the instructions actually given were erroneous, the law presuming every man to be sane, when he does an act, unless the contrary be proved; and cited St. 1821, c. 38, § 1, 2; Rev. St. c. 92, § 1, 2; 2 Stark. Ev. (in two vol.) 929, 919; 1 Stark. Ev. 60; 2 Hill. Abr. 483; 1 Phil. Ev. 438; 6 Bingh. 310; 7 Bingh. 457; 4 Kent, 516; Com. Dig. Title Est. by Dev. E.; Greenl. Ev. 311; 1 Metc. 349.

*Appleton* and *Hubbard*, for the appellant, contended that the presiding Judge was correct, both in withholding the instructions requested and in instructing the jury in the manner he did. They cited 1 Mass. R. 258; 4 Dane, 568; 4 Mass. R. 593; Greenl. Ev. 17, 49, 89; 2 Stark Ev. 679, 684; 20 Maine R. 47; 14 Pick. 461.

The opinion of the Court was drawn up by

WHITMAN C. J. — Elizabeth F. Gerrish, the sister of the appellant, executed a paper, purporting to be her last will and testament, devising her estate to persons other than the appellant, who was her heir expectant. He contends, that, at the

time she executed the instrument, she was insane and unconscious of what she did; and the jury would seem to have so found. But the appellees have taken exceptions to the instructions of the Judge, presiding at the trial, to the jury; and have also filed a motion for a new trial; averring that the verdict is against law, and against evidence, and the weight of evidence. In the argument of their counsel, however, the motion for a new trial, as at common law, aside from the grounds relied upon in the exceptions, was not much pressed upon our attention. There was at the trial, on the question at issue, much evidence on the one side, and on the other; and it may be that the preponderance of it was in favor of the appellees; but it has been decided otherwise by the appropriate tribunal; and we do not see that the decision was so glaringly erroneous, that we could be justified in setting it aside, unless the exceptions are sustainable.

The Judge instructed the jury, that they must be satisfied from the proof, that the testatrix knew, at the time of the execution of the instrument, that it was her will; and that this must appear either from positive testimony, or from circumstances furnishing satisfactory proof of the fact. There would seem to be no question, that the jury must be satisfied that she was conscious of what she was about, when she executed the instrument, in order to constitute it a will. But the counsel for the appellees insist, that the legal presumption is, in the first place, that she was sane; and secondly, that, having executed it in the form in which a will, by law, is required to be executed, she must be presumed to have known what it imported. The Judge, however, was not specifically requested so to lay down the law to the jury. Yet if what he did say to them was inconsistent therewith, and not in conformity to law, the exceptions must be sustained.

In reference to instruments in writing, the position of the counsel may be regarded as in general well founded; but' whether the execution of wills does not furnish an exception to them may be questionable. The power to make wills, and the manner of executing them, and their efficacy, depend upon

Gerrish v. Nason.

certain special provisions of statute law. One of which is, that every person of sound mind, and of the age of twenty-one years, may dispose of his estate by will. Another is, that a will shall be attested and subscribed by three credible witnesses, in the presence of the person making it. In Powell on Devises, 46, it is said, " In the application of the word at-, tested to the act of executing the will, the legislature has been considered, in the construction of it, as having called the attention of the persons attesting to three several objects; one of which applies to the testator himself; the other two to the instrument. First, that which relates to the testator, is with regard to his sanity ; an attention to which, in the witnesses, is a necessary inference ; as well from the nature of the transaction as from the objects of the statute." And again, "In the construction of this statute, therefore, it has been held that the legislature, when it required the witnesses to attest the signing, must, by implication, have required them to attest the capacity of the person signing." The same author considers the mental power of willing, as equally necessary with the physical power of signing. Hence it is of course, in proving a will, to ask the attesting witnesses if the testator was, at the time of its execution, of sound and disposing mind and memory. In Brooks & al. v. Barrett & al. 7 Pick. 94, Mr. C. J. Parker says, " these witnesses are to testify, not only to the execution of the will, but as to the state of mind of the testator at the time." The presumption, therefore, that the person making a will was, at the time, sane, is not the same as in the case of the making of other instruments ; but the sanity must be proved.

The next question is, if the testatrix were proved to be sane was it necessary to be proved that she knew the instrument, which she executed, to be an expression of her will in the disposition of her estate ? These instruments are often prepared for persons, in the last stages of existence, to execute; and at a time when both body and mind have become more or less enfeebled ; and when great anxiety and depression have been superinduced ; and even, sometimes, when there is but a glimmering of reason flickering in the socket. What can be

more reasonable than that in such case there should be something more than a mere legal presumption, arising from the act of signing, that a testator knew the paper signed by him to be his last will? In the case of *Swett & al.* v. *Boardman & al.* 1 Mass. R. 258, the Judges delivered their opinions individually; and each stated it was necessary it should appear, that the testator knew that it was his will he was signing; and Mr. Dane, vol. 4, p. 568, recognizes the same principle. If the testatrix, in this case, had written the instrument herself, it would have been apparent that she knew it was her will; but it was not in her handwriting; and it does not appear that she had ever read it or heard it read; and nothing was said in the presence of the attesting witnesses, whether the writing they were attesting was a will or not. If these witnesses were all dead, it might be reasonable to presume, that all was said and done at the time, which might be requisite to uphold the will; but such is not the case. They being alive, and the transaction recent, nothing is to be presumed, without evidence, to have transpired beyond what they state.

We on the whole, therefore, are well persuaded that the instructions of the Judge to the jury were correct. The bill of exceptions, and motion for a new trial are overruled; and judgment must be entered on the verdict.