Cilley *v.* Cilley.

---

CILLEY, *appellant, versus* CILLEY.

On the question, whether a will shall be established, there is no legal presumption of the testator's sanity.

It is a fact to be proved.

The subscribing witnesses to a will, though not experts, may give opinions as to the sanity of the testator, when the facts are stated upon which their opinions are founded.

The facts proved upon such a point are to be considered of more importance, in acting upon the appeal, than the opinions of the witnesses.

In such a case, it is not essential to the establishment of the will, that any of the subscribing witnesses should testify to any opinion respecting the sanity of the testator.

To the publication of a will no prescribed form of words is requisite. No other publication is necessary than that the testator, at the time of executing the instrument, was apprized of its contents, and knew and intended it to be his will.

THE opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

RICE, J. — This case comes before us by appeal from a decree of the Judge of Probate, by which an instrument, purporting to be the last will and testament of Jonathan Cilley, jr., was approved and allowed.

It is contended by the appellant, that the decree of the Judge of Probate should be reversed, because it is alleged, that the deceased was not of sound mind, at the time he executed said instrument, and, because he never published the same as and for his last will and testament.

Cilley v. Cilley.

Section 1, chap. 92, R. S. provides that every person of the age of twenty-one years, and of sound mind may dispose of his estate by will, &c.

The first question presented in this case is, on which party rests the burden of proof, to establish the sanity or insanity of the testator. It is contended by the appellee, that it is a rule of law, of general application, that sanity is to be presumed, and, that such presumption is conclusive until it is overcome by affirmative proof of insanity. And, therefore, that the burden is upon the appellant to show that the testator was not of sound mind at the time the instrument was executed, if he would set it aside as invalid for that cause.

That such is the general rule of law is undoubtedly true. It is also true, that this rule has often been applied to cases of wills, in the same manner as to other written instruments. This application, however, is not co-extensive with the rule. There is in this country much conflict of authority, as to the true application of the rule in this class of cases, depending in some degree, upon peculiar statute phraseology. In this State, the rule is, that the presumption, that a person making a will was, at the time, sane, is not the same as in the case of making the instruments; but the sanity must be proved. *Gerrish* v. *Nason*, 22 Maine, 438.

The opinions of subscribing witnesses as to the condition of the testator's mind, at the time of the execution of his will, may be received in evidence, when the facts are stated on which such opinions are founded, though such witnesses do not fall within that class known to the law as experts. In such cases, however, the evidence on which the most reliance should be placed are the facts proved, rather than the opinions expressed by the witnesses.

In the case at bar, no opinion was expressed by the subscribing witnesses as to the condition of the testator's mind, at the time his will was executed. Nor is it necessary that there should have been, as such opinons are, necessarily, mere inferences drawn by the witnesses from facts observed by them. These inferences may with equal, perhaps greater

propriety, be deduced by the Court or jury from the facts proved. The opinions of witnesses, are by no means conclusive, and are only valuable as they may aid in coming to a correct conclusion.

Then as to publication. — To publish a will requires no set form of words. It is sufficient if it be made to appear, by competent testimony, that the testator was at the time of executing the instrument fully apprised of its contents, that he knew it to be his will, and intended it as such. *Sweat & al.* v. *Boardman*, 1 Mass. 258.

The testator employed the witness, Johnson, to write his will, and gave him instructions as to the disposition he desired to make of his property, declaring that he wished him to make a legal will. These instructions were followed with the exception, that a clause was inserted providing an inconsiderable legacy for the father and mother of the testator, which was deemed necessary by the scrivener to constitute the instrument a legal will.

After the will was thus prepared, the witness, Johnson, testifies that he read it to the testator, omitting only the parts which are merely formal, after which the testator signed it, declaring it to be his will. The other subscribing witnesses concur with Johnson as to the signing and declaration of the testator. They however did not hear the instrument read before it was signed. The reading might have occurred without their knowledge of the fact. To find that it was not read, would be to find that Johnson had testified falsely. There was also opportunity for the testator to have read the will himself. Our conclusion, from the evidence reported, is, that the testator was of sound mind at the time he executed the will, and that it was duly published by him as his last will and testament. The decree of the Judge of Probate is therefore affirmed with costs for the appellee.