Morell v. Morell.

## MORELL v. MORELL.

[No. 19,447. Filed June 25, 1901.]

APPEAL.—*Action to Establish Will.*—An action to secure the probate of an alleged will is an action to determine the property rights of living persons, and an appeal in such a case is not governed by §§2454, 2455 R. S. 1881, providing that appeals in matters connected with decedents estates must be perfected within forty days after final judgment. *p. 181.*

EVIDENCE.—*Hearsay.*—The rule that hearsay evidence must be excluded from the jury applies with equal force to statements made by one who has since died. *p. 182.*

WILLS.—*Probate.*—*Hearsay Evidence.*—Where it is sought to secure the probate of a will, both witnesses thereto being dead, it is improper to admit testimony as to statements made by one of the alleged witnesses in reference to the will's execution, although many years have passed, and it is impossible to procure better proof. *pp. 181-183.*

EVIDENCE.— *Handwriting.— Opinion:* — Where the genuineness of signatures of the testator and of deceased witnesses to a will is in issue, a witness who was a near relative of testator, and a neighbor of the two subscribing witnesses, had seen them write, had received letters from the testator, and was acquainted with the handwriting of each, is shown to have sufficient qualifications to entitle him to an opinion as to the genuineness of the signatures of all. *p. 184.*

WILLS.—*Action to Secure Probate.*—*Burden of Proof.*—In an action to secure the probate of an alleged will, the execution of which is denied, the burden of proof is on the plaintiff to establish its execution by a preponderance of the evidence. *pp. 184-187.*

From Huntington Circuit Court; *C. W. Watkins,* Judge.

Petition by David Morell for the probate of a will. From a judgment in favor of petitioner, Margaret Morell appeals. *Reversed.*

*T. R. Marshall, W. F. McNagny, P. H. Clugston, O. W. Whitelock* and *S. E. Cook,* for appellant.

*E. K. Strong, J. B. Kenner* and *U. S. Lesh,* for appellee.

HADLEY, J.—Frederick Morell, a resident of Whitley county, died in 1893, childless, leaving appellant, a second wife, his widow and only heir at law. He left property, real and personal, of the value of from $30,000 to $50,000. The estate was administered upon by appellant and finally settled in 1894, and the real estate transferred to her name. July 28, 1897, there was filed with the clerk of the Whitley Circuit Court a paper purporting to be the last will of Frederick Morell, deceased, but no steps taken to probate it. February 9, 1898, appellee, who was named as executor in the will, filed his petition in the circuit court alleging therein the death of both the subscribing witnesses, purporting to be Matthew W. Pinkerton and Peter Franks, and praying for the probate of the will, and for an order to take the deposition of witnesses, to prove the signatures of the testator and subscribing witnesses. Appellant appeared, and in resistance of the probate filed her verified answer to the effect (1) that Frederick Morell did not make, sign, execute, or acknowledge said alleged last will; (2) said Matthew W. Pinkerton did not sign said alleged last will as a witness, and (3) that said Peter Franks did not sign said alleged last will as a witness. The venue was changed to the Huntington Circuit Court. Trial by jury. Verdict and judgment for appellee. The overruling of appellant's motion for a new trial is the only error assigned.

We are first confronted with the insistence of appellee that the appeal should be dismissed because not timely taken. The record was filed in this court forty-two days after final judgment, to wit, August 10, 1900. It is claimed that as the suit was pending and does not come within the operation of the amendatory act of 1899 (Acts 1899, p. 397), that it is governed by §§2609, 2610 Burns 1894, §§2454, 2455 R. S. 1881 and Horner 1897, relating to the settlement of decedents' estates, and which require the filing of an appeal bond within ten days after final judgment, and the transcript in this court within thirty days after the filing of the bond.

Morell *v.* Morell.

It should be borne in mind that this is an action to establish an alleged will, the right to and procedure in which are given by the chapter relating to the subject of wills. §§2754, 2755 Burns 1894, §§2584, 2585 R. S. 1881 and Horner 1897. In effect it is an action to determine the property rights of living persons by establishing the evidence thereof, and when it has been fully and finally disposed of, the first step in the settlement of the estate yet remains to be taken under the provisions of the chapter relating to the settlement of decedents' estates. It is very clear that it is not a proceeding under the decedents' act, and it is firmly settled by a long line of decisions that the only cases governed by §§2609, 2610, *supra*, are such as originate and are prosecuted under the provisions of that act. *Galentine* v. *Wood,* 137 Ind. 532; *Harrison Nat. Bank* v. *Culbertson,* 147 Ind. 611; *Roach* v. *Clark,* 150 Ind. 93, and cases cited at p. 96, 65 Am. St. 353. The motion to dismiss the appeal is overruled.

Frederick Morell's mother, brother David, and married sisters resided in Wayne county, Ohio, where the decedent occasionally visited. His mother died and was buried in Wayne county, September 5, 1880. Frederick attended the funeral, and the proposed will bears that date. Pinkerton and Franks, the subscribing witnesses, both then resided in Wayne county. Appellee took the deposition of divers residents of Wayne county, among them that of one Hofacre. After testifying that he had a conversation with Peter Franks, a subscribing witness, in the autumn of 1880 or 1881, the following questions and answers were given: "Q. What conversation, if any, did you have with Peter Franks in respect to Frederick Morell? A. Well sir, Mr. Franks and I had a conversation, and he says: 'I witnessed a will that Frederick Morell from the west made, and David Morell, he appointed him administrator, and also Matthew W. Pinkerton was a witness.' Q. When was it that he told you this? A. It was in the fall of the year; the date and

the year I could not exactly say. Q. With respect to Mrs. Morell's funeral, if that will enable you to state? A. It was after the funeral. There is one thing I want to explain to you. At the time of the death, or, I will say, the burial, I went there, but I can't say that was the time that Mr. Franks spoke to me. At the time Mr. Franks talked to me about this matter I know that David Morell's brother was present, but I won't say that it was directly after the death or some time after." Appellant's motion to strike out these questions and answers as being hearsay and selfserving was overruled, and the same were read to the jury.

Was Hofacre's narration of the statements made to him by Franks competent evidence? Hearsay is that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests also in part on the veracity and competency of some other person. 1 Greenleaf on Ev. (15th ed.), §99. There is, perhaps, no rule more universally established than that hearsay evidence must be excluded from the jury. The reason is this, that the first speaker was not under the solemnity of an oath, and no opportunity is afforded the adverse party to cross-examine and develop the sincerity of the speaker, or the basis of the facts recited, thus presenting immoderate latitude to deception, mistake, and misapprehension. 1 Greenleaf on Ev. (15th ed.), §124; 15 Am. & Eng. Ency. of Law (2nd ed.) 310: As expressed by Greenleaf in §99, *supra*: "Its extrinsic weakness, its incompetency to satisfy the mind as to the existence of the fact, and the frauds which may be prac-- ticed under its cover, combine to support the rule that hearsay evidence is totally inadmissible." The reason for the rule remaining the same, the rule itself applies with equal force to statements made by one who has since died. *Welsh* v. *Barrett,* 15 Mass. 380, 386; *Crump* v. *Starke,* 23 Ark. 131, 135; *Hammel* v. *State,* 14 Tex. App. 326.

Appellee insists that the rule should yield to the peculiar facts of this case, namely, that the declaration was made a

Morell *v.* Morell.

long time ago, near the time of making the will, the declarant dead, and had no interest, and that the evidence was rightly received on the ground of necessity arising from the impossibility of procuring better proof. No effort is made to bring the insistence within any of the recognized exceptions to the general rule. Without the sanction of some established legal principle, we have no warrant to sustain it. It is not perceived why the paucity of legal proof should furnish a reason for requiring a court to accept as proof that which is everywhere rejected as unreliable. Such is not the law. As phrased by an eminent author: "The rule [as to the exclusion of hearsay] applies also, notwithstanding that no better evidence is to be found, and though it be certain that, if the account is rejected, no other can possibly be obtained. As, where the evidence purports to be the narrative of an eye-witness to a transaction, and that witness was the only one, and he is since dead." 1 Phillips on Ev. (4th Am. ed.), p. 214.

That the evidence pertains to the establishing of a will makes no difference. The relation of Franks to the instrument was that of witness to the fact of execution; he was an eyewitness; he had no interest in the subject-matter; no concern as to the future disposition of the document. There was nothing about the transaction to stimulate him to care and caution in his statements concerning it, and it is perfectly clear that the narration of unsworn statements made by him nineteen years ago, concerning a matter of vital importance to the party offering the evidence, is open to all the mischiefs which lie at the base of the rule we are considering. A is upon trial for the murder of B. C was an eyewitness, and has since died. Can it be said to be competent for D to narrate to the jury what C had told him concerning the encounter? This question belongs to the same class. As illustrative of hearsay evidence see *Mershon* v. *State,* 51 Ind. 14; *Schooler* v. *State,* 57 Ind. 127; *Meyer* v. *Bell,* 65 Ind. 83; *Reynolds* v. *Copeland,* 71 Ind. 422;

*Ricketts* v. *Harvey,* 78 Ind. 152, 156; *Simpkins* v. *Smith,* 94 Ind. 470, 474; *De Pew* v. *Robinson,* 95 Ind. 109, 112. The motion to strike out the above questions and answers should have been sustained.

Complaint is also made of the refusal of the court to strike out certain parts of the depositions of Fred Mettatel and Samantha Smedley relating to their competency to testify to the genuineness of the signatures appearing upon the will. Mettatel testified to each of the three signatures. It was previously shown that he was the nephew of Frederick Morell and the neighbor of both the subscribing witnesses; had seen each of them write; received letters from his uncle, and was acquainted with the handwriting of each. Mrs. Smedley was the daughter of Peter Franks, had seen him write many times, and was acquainted with his writing. She testified only to her father's signature. We think these witnesses showed sufficient qualifications to entitle them to an opinion. The fact that in their general answers each of them volunteered a mention of recent comparison with other signatures by the same person was not sufficient as against their specific answers to disqualify them. The motion to strike out, so far as it related to the depositions of Fred Mettatel and Samantha Smedley, was properly overruled.

There are several questions arising upon the admission and exclusion of evidence which are not likely to arise again upon a retrial which we pass without consideration.

Appellant further contends that the court erred in giving to the jury upon request of appellee, instructions three and four, which read thus: "(3) Under the issues in this case the burden was on the plaintiff, David Morell, to prove the signatures of the subscribing witnesses to the will read in evidence or the signature of the testator, Frederick Morell, and after having produced proof of such signatures, the burden shifted to the contestants, Margaret Morell, to establish by a preponderance of the evidence that Frederick Morell did not execute the will in question. (4) After the plain-

Morell *v.* Morell.

tiff, David Morell, had adduced sufficient proof of the handwriting of the subscribing witnesses and the handwriting of the testator, Frederick Morell, to authorize the reading of said will in evidence, this made out a *prima facie* case, and the burden of proof shifted to the contestant, Margaret Morell, to overthrow such *prima facie* case by a preponderance of the testimony."

It should be remembered that the issue formed is under §2765 Burns 1894, §2595 R. S. 1881 and Horner 1897. The contest is over the probate of the instrument as the will of Frederick Morell. On the one hand appellee asserts that the paper presented by him was executed by Morell as his last will, and asks that the same may be legally established as such. On the other hand, appellant denies, under oath, that Morell executed it. The one affirms, the other denies. This presents a simple issue of *non est factum* triable by the court, or jury, with the burden resting upon the proponent, who seeks affirmative relief. However this issue may be determined, as between the parties, the controversy over the will is at an end. There can be no further contest under §2766, *supra.* The parties have had their day in court. *Duckworth* v. *Hibbs,* 38 Ind. 78.

The right to resist the probate and to contest a will is given by statute, and can be exercised only in the mode prescribed. *Harrison* v. *Stanton,* 146 Ind. 366.

The difference in the nature of the two rights and in the mode of procedure for enforcement is plain. The probate of a will, under §2765, impresses it with *prima facie* validity. This means that it will stand as a valid instrument in the absence of affirmative extrinsic proof brought against it, sufficient to overcome the legal presumption with which it is clothed. Therefore in an action to contest, after probate, under §2766, the plaintiff, very logically and rightfully, has the burden of proof; but when, as in this case, the admission to probate is made the issue, calling in question, by a sworn answer, the integrity of the document, and it comes to the

court for trial, devoid of any legal presumption in its favor, it seems to us that the question of fact must be tried and determined like any other question of fact, under established rules of evidence and procedure.    It is clear that if the probate was resisted on the ground that the testator was of unsound mind at the time he executed the will, or that its execution was procured by undue influence, or fraud, each of which implies actual execution, the burden of these issues would rest upon the party affirming them, but in this case the sole question is:   Did Frederick Morell execute the will? Is it a forgery?   And the defense is purely and wholly negative.    If the proponent fails to prove what he affirms by a preponderance the instrument will be rejected as a will.    If he succeeds, it will be admitted to probate, not as a *prima facie* will, but, between the parties, as an absolute verity.

It follows from what we have said that each of the instructions complained of is erroneous.    Number three, in substance, informed the jury that the burden was upon the proponent to prove the signatures of the subscribing witnesses *or* the signature of Frederick Morell, and, having made such proof, the burden shifted to Margaret Morell to establish by a preponderance of the evidence that Frederick Morell did not execute the will in question.    The character of the proceeding must be kept in view.    If this were an *ex parte* proceeding to establish a *prima facie* will, proof of the signatures of the subscribing witnesses, or proof of the signature of the testator, would have been sufficient §2754 Burns 1894, but here we have a contested issue involving not the *prima facie* but the real character of the paper, the substance of which is the signing of the instrument by Frederick Morell and its attestation by the subscribing witnesses, and proof of the genuineness of the signatures of the subscribing witnesses in no sense proved, or tended to prove, the genuineness of the signature of Morell.    The signatures of the subscribing witnesses might have been genuine, and that of the testator an absolute forgery.    Under the issue, the burden was upon the

proponent to prove the genuineness of the signatures, or the authority to make them, of each the testator and subscribing witnesses, and the instruction as given was misleading. Besides in no state of the proof could the burden be said to shift from the party having the affirmative of the issue to the other side. *Young* v. *Miller,* 145 Ind. 652; *Roller* v. *Kling,* 150 Ind. 159; *Merriman* v. *Merriman,* 153 Ind. 631.

Number four in substance is the same as number three, and is subject to the same objections.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.