STEINKUEHLER ET AL. *v.* WEMPNER ET AL.

[No. 20,895.  Filed May 28, 1907.  Rehearing denied October 17, 1907.]

1. WILLS.—*Probate.—Burden of Proof to Overthrow Probated Will.* —The burden of establishing that a probated will is invalid is upon the contestant.  p. 156.

2. SAME.—*Probate.—Judicial Act.—Collateral Attack.*—The admission of a will to probate is a judicial act which cannot be collaterally attacked, but is binding until set aside according to law. p. 158.

3. LIMITATION OF ACTIONS.—*Wills.—Contest.*—A will contest, except as to persons under disability, cannot be instituted after three years from the date the will is offered for probate.  p. 158.

4. WILLS.—*Execution.—Attestation.—Burden of Proof.—Jury.*— The burden of proving the due execution and attestation of a will is upon the proponent; and the sufficiency of the evidence, where a jury trial is provided by statute, is a question for the jury.  p. 159.

5. STATUTES.—*Claiming Under.—Pleading.—Burden.*—The burden is upon the person claiming under a statute to allege and prove that he comes within its terms.  p. 160.

6. INDICTMENT AND INFORMATION.—*Negativing Exceptions in Statute.*—An indictment must negative the exceptions contained in the same clause of the act which defines the crime charged.  p. 160.

7. WILLS.—*Probate.—Motion for.—Evidence.*—A simple oral motion for the probate of a will is sufficient to require the court to act on the proposed will; but this does not dispense with proof to show that the proposed will is legally sufficient.  p. 161.

8. SAME.—*Probate.—Statutes.—Construction.*—All statutes relating to the probate of wills should be construed together.  p. 161.

9. SAME.—*Probate.—Prima Facie Evidence.—Presumptions.*—Proof of the formal execution of a will together with the presumption of sanity of testator, where no objections are made, will ordinarily suffice to authorize the probate of a will.  p. 161.

10. SAME.—*Resisting Probate.—Burden of Proof.*—Where objections are filed to the probate of an alleged will, the burden of proving that the offered will is legally sufficient, is upon the proponents.  *Morell* v. *Morell*, 157 Ind. 179, partly disapproved. p. 161.

11. TRIAL.—*Argument to Jury.—Right to Open and Close.—Wills. —Probate.*—Where objections are filed to the probate of an alleged will, the proponents have the right to open and close.  p. 163.

12. WILLS.—*Unsound Mind.—Undue Influence.—Belief in Spiritualism.*—Mere belief in spiritualism is not of itself controlling evidence of an unsound mind; but such belief and the other facts

and circumstances of the case should ordinarily be submitted to the jury to determine the questions of unsound mind and undue influence, especially where it is alleged that the testatrix received and relied upon occult "revelations" of her deceased husband. p. 163.

From Marion Circuit Court (13,134); *Henry Clay Allen,* Judge.

Objections by Minnie Steinkuehler and others to the probate of a will offered by Sophie Wempner and others. From a judgment admitting such will to probate, objectors appeal. ·*Reversed.*

*Chambers, Pickens, Moores & Davidson,* for appellants.
*Charles E. Cox* and *James W. Harper,* for appellees.

MONTGOMERY, J.—This proceeding was begun upon the filing by appellants in writing of verified objections to the admission to probate of the will of Wilhelmina Albertsmeyer, in accordance with the provisions of §3153 Burns 1908, §2595 R. S. 1881. These written objections charged that the instrument purporting to be the last will and testament of Wilhelmina Albertsmeyer, deceased, dated April 2, 1902, and the codicil thereto dated December 16, 1903, were not the last will and testament and codicil, respectively, of the decedent, for the reasons: (1) That decedent was of unsound mind and incapable of making a will at the time the pretended will purports to have been executed; (2) that decedent was of unsound mind and incapable of making a will at the time the codicil purports to have been executed; (3) that the will and codicil were each unduly executed; (4) that the pretended codicil was never executed by decedent, and that the signature thereto was not her own, nor made by her, nor by any one at her request, nor with her knowledge or consent; (5) that the will and codicil were executed under duress; (6) that the will was obtained by fraud; (7) that the codicil was procured by fraud.

Appellees answered these charges by general denial, and the cause was submitted to a jury for trial. At the con-

clusion of appellants' evidence the court directed the jury to return a verdict in favor of appellees. Appellants' motion for a new trial was overruled, and judgment rendered to the effect that "the will and codicil of Wilhelmina Alberts-meyer, mentioned in the complaint, are valid, and her will and codicil, and that the same be admitted to probate in this court."

The assignment of errors charges the court with error in overruling appellants' motion for a new trial.

Appellants applied for a new trial upon the grounds that the court erred in holding that the objectors to the will had the burden of the issues raised by the pleadings, in requiring them to make the opening statement to the jury, in directing a verdict in favor of appellees, and that the verdict is not sustained by sufficient evidence and is contrary to law.

The first question with which we are confronted is: Who had the burden of the issues? It is well settled in this State that when an attack is made upon a will duly

1.   admitted to probate, the burden of establishing its invalidity rests upon the plaintiffs or contestants. *Wait* v. *Westfall* (1904), 161 Ind. 648, 665; *Roller* v. *Kling* (1898), 150 Ind. 159; *Teegarden* v. *Lewis* (1896), 145 Ind. 98; *Blough* v. *Parry* (1896), 144 Ind. 463; *Turner* v. *Cook* (1871), 36 Ind. 129, 137; *Moore* v. *Allen* (1854), 5 Ind. 521.

The following sections, quoted from our statutes upon the subject of wills, are pertinent to the question submitted: "All persons, except infants and persons of unsound mind, may devise, by last will and testament, any interest, descendible to their heirs, which they may have in any lands, tenements, and hereditaments, or in any personal property, to any person or corporation capable of holding the same." §3112 Burns 1908, §2556 R. S. 1881.

"No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if

the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof.'' §3132 Burns 1908, §2576 R. S. 1881.

''Before a written will shall be admitted to probate, or letters testamentary or of administration, with the will annexed, shall be granted thereon, such will shall be proven by one or more of the subscribing witnesses, or, if they be dead, out of the State, or have become incompetent from any cause since attesting such will, then by proof of the handwriting of the testator or of the subscribing witnesses thereto.'' §3141 Burns 1908, §2584 R. S. 1881.

''If it shall appear, from the proof taken, that the will was duly executed, and that the testator at the time of executing the same was competent to devise his property and not under coercion, such testimony shall be written down, subscribed by the witness examined, and attested by said clerk with his signature and seal of office; and the will, with such testimony and attestation, shall be recorded by such clerk in a book kept for that purpose, and certified by him to be a complete record.'' §3145 Burns 1908, §2587 R. S. 1881.

''Every will so proven shall have a certificate indorsed thereon or attached thereto, substantially stating that it has been admitted to probate; that a complete record of it and the testimony of the witnesses has been duly recorded; the names of such witnesses, and the title and page of the book in which it is recorded; which certificate shall be attested by the signature of the clerk of such court and his official seal.'' §3146 Burns 1908, §2588 R. S. 1881.

''Every will so authenticated, or a complete copy of the record thereof, certified by the clerk in whose custody it may be, and attested by his signature and official seal, may be read in evidence without further proof.'' §3147 Burns 1908, §2589 R. S. 1881.

The statutes authorizing proceedings to resist the probate or to contest the validity of a will read as follows: ''If, prior to the admission of any will to probate before the clerk

of the circuit court, objection thereto, in writing, verified by his affidavit, alleging that the same is not made for vexation or delay, be filed by any person with such clerk, he shall continue the same until the succeeding term of court, when, if the person contesting such will fail to resist the probate thereof, the judge of such court may admit such will to probate; but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will.'' §3153 Burns 1908, §2595 R. S. 1881.

''Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto.'' §3154 Burns 1908, §2596 R. S. 1881.

2. The admission of a will to probate in a case where the court has jurisdiction is a judicial act, and, like other valid judgments, cannot be collaterally impeached for any error or irregularity, but is binding until reversed or set aside according to law. *Winslow* v. *Donnelly* (1889), 119 Ind. 565.

3. If the order of probate is not vacated in an appropriate proceeding brought for that purpose, within three years from the date the will is offered for probate, it becomes unimpeachable and conclusive, except as to infants and persons absent from the State or of unsound mind. *Putt* v. *Putt* (1897), 149 Ind. 30; *Bartlett* v. *Manor* (1897), 146 Ind. 621; *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682; *Potts* v. *Felton* (1880), 70 Ind. 166;

*Blanchard* v. *Wilbur* (1899), 153 Ind. 387. The force and effect accorded to the judgment or order of probate is ample justification for the holdings of this court, that, after being duly probated, a will can be overthrown only by an affirmative showing of its invalidity. It is not possible to reconcile the decisions and rules of practice in the courts of the several states with regard to the burden of proof in proceedings to contest and to resist the probate of wills. Some of the differences are attributable to the peculiar language of local statutes, while others seem to be due to an apparent confounding of the terms "burden of proof," "presumptions of law," and "weight of evidence."

It is not deemed expedient to enter upon an historical review of the subject of wills, or a discussion of the comparative antiquity of the right to transmit property by 4. descent to heirs, and by testamentary provisions. It will suffice to state that, in our opinion, the general law governing the descent and distribution of property upon the death of the owner ought to prevail until some other special disposition shall be shown to have been validly made. This proceeding was primarily instituted by the act of the beneficiaries seeking to have the alleged will of the decedent proved and established as her last will and testament. Appellants objected to this application, and challenged the validity of the alleged will upon substantially every statutory ground. It is quite generally agreed that the burden of proving the due execution and attestation of a will is upon the proponents. *Morell* v. *Morell* (1901), 157 Ind. 179; *Miller* v. *Coulter* (1901), 156 Ind. 290; *In re Mackay's Will* (1888), 110 N. Y. 611, 18 N. E. 433, 1 L. R. A. 491, 6 Am. St. 409; *Tobin* v. *Haack* (1900), 79 Minn. 101, 81 N. W. 758; *Reynolds* v. *Reynolds* (1842), 1 Speers (S. C.) 253, 40 Am. Dec. 599; *Renn* v. *Samos* (1870), 33 Tex. 760, 765; *In re Hull's Will* (1902), 117 Iowa 743, 89 N. W. 979, 981. In jurisdictions where the parties are entitled to a trial by jury upon the question whether an instrument should be probated

as a will, the sufficiency of the evidence is for the jury trying the cause. *In re Hull's Will, supra.*

A more troublesome problem is presented by the question as to who has the burden of proving testamentary capacity in a proceeding of this character. The statute authorizing the making of wills, §3112, *supra,* provides that "all persons, except infants and persons of unsound mind, may devise, by last will," etc.

The general rule is that one asking a privilege or seeking to enforce a right, conferred by statute, must show himself to be within the statute. *Goodwin* v. *Smith* (1880), 72 Ind. 113, 116, 37 Am. Rep. 144; *Porter* v. *State, ex rel.* (1895), 141 Ind. 488, 490; *Harrison* v. *Stanton* (1896), 146 Ind. 366, 370; *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85.

In the case of *Goodwin* v. *Smith, supra,* this court said: "Whoever asserts a right dependent for its existence upon a negative, must establish the truth of the negative by a preponderance of the evidence. This must be the rule, or it must follow that rights, of which a negative forms an essential element, may be enforced without proof. This conclusion would be both illogical and unjust, and we are, therefore, authorized to infer the truth of its converse." The following cases are to the same effect: *Boulden* v. *McIntire* (1889), 119 Ind. 574, 12 Am. St. 453; *City of New Albany* v. *Endres* (1896), 143 Ind. 192, 203; *Archibald* v. *Long* (1896), 144 Ind. 451, 455.

The rule in criminal pleading is that exceptions in a statute defining an offense must be negatived in the indictment, to show that the defendant is not within such exceptions, provided the exception is in the clause of the act which creates the offense. *Brutton* v. *State* (1853), 4 Ind. 601; *Peterson* v. *State* (1856), 7 Ind. 560; *Schneider* v. *State* (1857), 8 Ind. 410; *Russell* v. *State* (1875), 50 Ind. 174; *Cleveland, etc., R. Co.* v. *Gray* (1897),

148 Ind. 266, 272; *Bishop* v. *State, ex rel.* (1898), 149 Ind. 223, 39 L. R. A. 278, 63 Am. St. 279, and cases cited.

No formal petition for the probate of a will is required under our statute, but an oral motion is sufficient. *Miller* v. *Coulter, supra.* This lack of formality in the proceeding and pleadings does not dispense with the necessity of proof upon all points essential to show the due execution and validity of the instrument offered for probate.

All statutes relating to the execution and probate of wills should be construed together. Section 3145, *supra,* provides that "if it shall appear, from the proof taken, that the will was duly executed, and that the testator at the time of executing the same was competent to devise his property and not under coercion," the testimony shall be written down and recorded with the will.

It is manifest that, in connection with the probate of a will, without reference to objections or contests, testamentary capacity should be made to appear from the evidence given. This fact may be *prima facie* shown, by direct testimony, or indirectly from the will and the circumstances surrounding its execution, or by the presumption of law in favor of sanity. The material point determined is that the testamentary capacity of the testator must be established by the proponents, and is adjudged by the order admitting the will to probate. In the absence of objections, the general presumption of law in favor of sanity would ordinarily supply the requisite proof, and in case of a contest would suffice to make a *prima facie* case in favor of the proponents. "A presumption, like a fact proved, remains available to the party in whose favor it arises, until overcome by opposing evidence." *Bates* v. *Pricket* (1854), 5 Ind. 22. This presumption does not shift the burden of proof, but is to be given due weight in determining the preponderance of the evidence. Our conclusion is, that the burden is on the proponents of a will not

only to prove the due execution thereof, but also the testamentary capacity of the testator at the time of executing the instrument. *Williams* v. *Robinson* (1870), 42 Vt. 658, 1 Am. Rep. 359; *Denny* v. *Pinney* (1888), 60 Vt. 524, 12 Atl. 108; *Gerrish* v. *Nason* (1843), 22 Me. 438, 39 Am. Rep. 589; *Cilley* v. *Cilley* (1852), 34 Me. 162; *Robinson* v. *Adams* (1870), 62 Me. 369, 16 Am. Rep. 473; *Barnes* v. *Barnes* (1876), 66 Me. 286; *Comstock* v. *Hadlyme, etc., Soc.* (1830), 8 Conn. 254, 20 Am. Dec. 100; *Delafield* v. *Parish* (1862), 25 N. Y. 9; *Crowninshield* v. *Crowninshield* (1854), 2 Gray (Mass.) 524; *Taff* v. *Hosmer* (1866), 14 Mich. 309; *In re Layman's Will* (1889), 40 Minn. 371, 42 N. W. 286; *McMechen* v. *McMechen* (1881), 17 W. Va. 683, 41 Am. Rep. 682; *Hawkins* v. *Grimes* (1852), 13 B. Mon. (Ky.) 257; *Evans* v. *Arnold* (1874), 52 Ga. 169; *Beazley* v. *Denson* (1874), 40 Tex. 416; *Murry* v. *Hennessey* (1896), 48 Neb. 608, 67 N. W. 470; *Tucker* v. *Sandidge* (1888), 85 Va. 546, 8 S. E. 650; *Brown* v. *Walker* (1892), (Miss.), 11 South. 724; *Rich* v. *Lemmon* (1899), 15 App. Cas., D. C., 507; *Higgins* v. *Nethery* (1902), 30 Wash. 239, 70 Pac. 489.

It is further held, in the following cases, that the burden of establishing a strict compliance with every essential to the validity of a will has always been cast upon the proponents. *Harris* v. *Vanderveer's Executor* (1870), 21 N. J. Eq. 561; *Barker* v. *Comins* (1872), 110 Mass. 477, 483; *Welter* v. *Habersham* (1878), 60 Ga. 194; *Kennedy* v. *Upshaw* (1886), 66 Tex. 442, 448, 1 S. W. 308.

In the case of *Morell* v. *Morell* (1901), 157 Ind. 179, probate was resisted on the ground of nonexecution of the will, and this court correctly held that the burden of proof rested upon the proponent. In the course of the opinion, but not as a necessary part of the decision, it was argumentatively and inadvertently said: "If the probate was resisted on the ground that the testator was of unsound mind at the time he executed the will, or that its execution was procured by undue influence, or fraud, each of which implies actual

execution, the burden of these issues would rest upon the party affirming them.'' So much of this statement as declares that the burden of proving unsoundness of mind rests upon the objectors to the probate of an alleged will, resisted upon that ground, is disapproved.

The proponents of the will having the burden of proving the primary issue have the right to the open and close in the argument to the jury. §562 Burns 1908, §536 R. S. 1881; *Puryear* v. *Reese* (1868), 46 Tenn. 21; *Hawkins* v. *Grimes* (1852), 52 Ky. 257; *Mayo* v. *Jones* (1878), 78 N. C. 402, 406. In regard to the order of introducing testimony, it was said in *Seebrock* v. *Fedawa* (1890), 30 Neb. 424, 46 N. W. 650: ''It is the duty of the proponent in the first instance to offer sufficient testimony of the capacity of the testator to make out a *prima facie* case. The contestant will then introduce his proof to show the invalidity of the will; after which the proponent may introduce further testimony to sustain the will, as well as rebutting testimony. During the entire trial the burden of proof remains with the proponent.'' In the case of *Miller* v. *Coulter* (1901), 156 · Ind. 290, this mode of trial was adopted, and approved as correct practice by this court. The holdings of many of the cases cited above are to the same effect. See, also, *Paltce* v. *Whitcomb* (1903), 72 N. H. 249, 250, 56 Atl. 459; *In re McDermott's Estate* (1905), 148 Cal. 43, 82 Pac. 842. It follows that the trial court erred in imposing the burden of proving want of testamentary capacity on the part of the testatrix upon the objectors, appellants in this case. This error might not be sufficient to require a reversal of the case, if there were no other erroneous rulings, and the final result were manifestly right.

The testatrix was a firm believer in spiritualism for a number of years prior to her death, and frequently attended seances held at her home and elsewhere. She accepted the pretended communications from her deceased husband and other departed kindred as reali-

ties. She consulted a medium the night before executing the will in suit. The following morning, referring to this seance, she said her deceased husband had come and told her that the Rodewald children (appellants), her orphan grandchildren, were going to cause trouble. She further said that she was going to make her will and give them $1 each; and in that connection her daughter, Mrs. Wempner (appellee) advised her to ''go down and give them $1.'' The two went at once to the office of a lawyer, and caused the will to be drawn by which she bequeathed to each of said grandchildren the sum of $1.

It is well known that many of the clearest and brightest intellects have sincerely believed in spiritualism, mind-reading, clairvoyance, witchcraft, and other vagaries, and it cannot be said as a matter of law that such belief is the certain offspring or evidence of an unsound mind. A belief that spirits communicate with human beings through mediums is a conviction produced by some sort of evidence, and not a mere conception of a morbid fancy rising spontaneously in the mind, and so does not, *ipso facto,* constitute an insane delusion. This must be declared to be the legal status, in the abstract, of minds entertaining such beliefs, notwithstanding our own opinion that such pretended spiritual manifestations were correctly characterized by Vice-Chancellor Gifford, in *Lyon* v. *Home* (1868), L. R. 6 Eq. *655, *682, as ''mischievous nonsense, well calculated, on the one hand to delude the vain, the weak, the foolish, and the superstitious; and on the other to assist the projects of the needy and of the adventurer.'' It is entirely legitimate and proper for the wife to seek the advice of her living husband, and after death to pay some regard to his known wishes in the preparation of her will; but, when such pretended counsel comes through the dubious channel of a ''medium,'' as an oracle from one possessing knowledge of the great hereafter, under the solemn surroundings of the seance, its influence upon a credulous mind can hardly be measured. The indul-

gence of such belief and practices may be so long continued and of such a character as to affect the mental status. The conduct of the decedent with relation to this subject, shown by the evidence, was a proper matter for the consideration of the jury in connection with other evidence upon the subject of testamentary capacity. A mere belief in spiritualism may be harmless and of no concern to any one other than its possessor, but occult "revelations" cannot be permitted to control the practical affairs of this world, and the belief upon this subject and consequent conduct of the testatrix with reference to the making of her will was particularly relevant upon the question of undue influence. It appears that the instrument in question was prompted, to some extent at least, by these spiritual communications, and it was the province of the jury, under proper instructions, to determine whether such "revelations" constituted such undue influence as invalidated the will. *Thompson* v. *Hawks* (1883), 14 Fed. 902; *Matter of Beach* (1897), 23 Hun, App. Div., 411, 48 N. Y. Supp. 437; *Greenwood* v. *Cline* (1879), 7 Ore. 17; *Orchardson* v. *Cofield* (1898), 171 Ill. 14, 49 N. E. 197, 63 Am. Rep. 211, 40 L. R. A. 256. The following cases are illustrative and discuss the law applicable to this subject: *In re Spencer's Estate* (1892), 96 Cal. 448, 31 Pac. 453; *Matter of Storey* (1886), 20 Ill. App. 183; *Whipple* v. *Eddy* (1896), 161 Ill. 114, 43 N. E. 789; *Otto* v. *Doty* (1883), 61 Iowa 23, 15 N. W. 578; *Robinson* v. *Adams* (1870), 62 Me. 369, 16 Am. Rep. 473; *Brown* v. *Ward* (1879), 53 Md. 376, 36 Am. Rep. 422; *McClary* v. *Stull* (1895), 44 Neb. 175, 62 N. W. 501; *Middleditch* v. *Williams* (1889), 45 N. J. Eq. 726, 17 Atl. 826, 4 L. R. A. 738; *In re Smith's Will* (1881), 52 Wis. 543, 8 N. W. 616, 9 N. W. 665, 38 Am. Rep. 756; note to *Brown* v. *Ward* (1879), 36 Am. Rep. 422, 426.

No evidence of the formal execution of the will or codicil was offered, nor was any affirmative testimony of the sanity of the testatrix given. There was evidence tending to prove

that the testatrix did not dictate the codicil, and that, when written, the same was not read to her. Without a further discussion of the evidence, we are of opinion that the case was tried upon a wrong theory, that the court erred in directing a verdict, and that appellants are entitled to a new trial.

The judgment is reversed, with directions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.