## HERRING ET AL. *v.* WATSON.

[No. 22,431. Filed June 30, 1914. Rehearing denied November 11, 1914.]

1. WILLS.—*Execution.*—*Attestation.*—One who makes a will need not sign it in the presence of witnesses if he acknowledges his signature in their presence, nor is it necessary that he should inform them that the instrument they are attesting is his will; hence an instruction, in an action to resist the probate of a will, stating that the burden rests on proponents to show that the will was signed by testator in the presence of two witnesses and declared to be testator's last will and testament, was erroneous as an abstract proposition of law. p. 376.

2. APPEAL.—*Objections to Instructions.*—*Evidence Not in Record.*— Where the evidence is not in the record the judgment of the trial court will not be reversed for error pointed out in instructions given, unless they are so radically erroneous as to be incorrect in view of any facts that might have been proven under the issues. p. 376.

3. WILLS. — *Resistance of Probate. — Review. — Presumptions. — Harmless Error.—Instructions.*—In an action to resist the probate of a will, an instruction placing on proponents the burden of showing that testatrix signed the will in the presence of two witnesses and declared the same to be her last will, though erroneous, was harmless in view of the evidence showing that she did so sign it and declare it to be her will; and, while the record does not contain the evidence, it will be presumed in favor of the trial court that such showing was made. p. 376.

4. WILLS.—*Resistance of Probate.—Execution of Will.—Burden of Proof.*—The burden of proving the due execution of a will, and the testamentary capacity of the testator, rests on the proponents of the instrument. p. 377.

5. APPEAL.—*Review.—Objections to Instructions.*—Objections made to instructions are unavailing, where it appears that such instructions were incorrectly copied into the original record, and that on correction by writ of *certiorari* the objectionable features were removed. p. 377.

From Hendricks Circuit Court; *James L. Clark*, Judge.

Action by Virgil S. Watson against Sarah A. Herring and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Ira M. Sharp*, for appellants.
*George C. Harvey* and *Samuel Ashby*, for appellee.

SPENCER, J.—Appellee brought this action to resist the probate of the alleged will of Amanda J. Watson, deceased, for the reasons: (1) that at the time of the attempted execution of said will the testatrix was of unsound mind, and (2) that said will was unduly executed. The cause was tried by a jury which returned a verdict in favor of appellee and from a judgment on such verdict this appeal is prosecuted. The only error assigned is that the court erred in overruling appellants' motion for a new trial and under this assignment appellants challenge certain instructions which were given to the jury.

Instruction No. 1 stated the substance of the pleadings filed by the parties and told the jury that "under the issues thus joined the burden is on the proponents to establish by a preponderance of all the evidence in the case that at the

time of the execution of said instrument said Amanda J. Watson signed the same in the presence of two witnesses and declared the same to be her last will and testament and that said witnesses signed said will as witnesses in the presence of said Amanda J. Watson; that at that time she was twenty-one years of age, of sound mind and not under coercion.'' Appellants object to this instruction on three grounds: (1) that it required them to prove that the testatrix signed said will in the presence of two witnesses; (2) that it required them to prove that she, in the presence of two witnesses, declared said instrument to be her last will and testament; and (3) that said instruction unlawfully put the burden on appellants to establish that at the time said will was signed the testatrix was not under coercion. It is true, as appellants contend, that one who makes a will need not sign it in the presence of the witnesses, provided he acknowledges his signature in their presence. *Reed* v. *Watson* (1867), 27 Ind. 443. It is also true that the witnesses need not know that the instrument which they attest is the will of the testator. *Turner* v. *Cook* (1871), 36 Ind. 129; *Brown* v. *McAlister* (1870), 34 Ind. 375. Therefore, as an abstract statement of the law instruction No. 1 is erroneous to the extent indicated by appellants' first and second grounds of objection. But the record before us does not contain the evidence given at the trial and the rule is well settled that under such circumstances the appellate tribunal will not reverse the judgment on the instructions given unless they are so radically erroneous as to be incorrect in view of any facts which might have been proven under the issues. *DeHart* v. *Board, etc.* (1896), 143 Ind. 363, 367; *Hilker* v. *Kelley* (1892), 130 Ind. 356, 361, 15 L. R. A. 622. If appellants' evidence undisputed and without conflict, showed that the testatrix actually signed the will in the presence of the witnesses and stated to them that it was her last will and testament, then the alleged

errors in the instruction were at least clearly harmless. Under the rule above stated we must now assume that such a showing was made.

The third objection to this instruction is also urged against instruction No. 3 given by the court of its own motion and in neither instance is the objection well taken. The cases of *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 15 L. R. A. (N. S.) 673, and *McReynolds* v. *Smith* (1909), 172 Ind. 336, clearly establish the proposition that in a proceeding to probate a will, the burden of proving the due execution of the instrument and the testamentary capacity of the testator rests on the proponents and not on the objectors, if any there be. In the Steinkuehler case reference is made to *Morrell* v. *Morrell* (1901), 157 Ind. 179, in which it is suggested by way of argument that the burden of proving undue influence or unsoundness of mind is on the objectors to the probate of an alleged will, and the suggestion is expressly disapproved.

Objection is also urged against instructions Nos. 4 and 5 given by the court at the request of appellee. It appears, however, that these instructions were not properly copied into the original record and on petition by appellee, of which petition appellants were duly served with notice, correction has been made by a writ of *certiorari*. The instructions are not now open to the objections urged.

The alleged errors, if any, in the remaining instructions given have either been waived by appellants' failure to discuss them or are not of so serious a character as to require us to make particular reference to them. The charge as a whole stated the law fully and fairly and such errors as appear therein are not sufficient to warrant a reversal of the judgment, especially since we are not advised as to the evidence which such charge was designed to cover.

Judgment affirmed.

## DISSENTING OPINION.

Cox, C. J.—While the conclusion of the court, that in a proceeding to contest a will before probate, the burden is on the proponent of the will to prove that its execution was not procured by undue influence and that the maker of the will, at the time of its execution, possessed testamentary capacity, is supported by the cases cited in support of the proposition, I can not concur in the correctness of the conclusion. The case of *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673, was a departure from what had been the law in this State before that time. Our statute (§3154 Burns 1914, §2596 R. S. 1881) gives the right to any one interested to contest the validity of a will and to resist the probate thereof and states the causes upon which the proceeding shall be based. Under it an action to resist the probate of a will on the ground of contest stated therein is merely an action to contest before probate and is entirely independent of the formal, *ex parte* probate. *Curry* v. *Bratney* (1867), 29 Ind. 195. In this case it was said in the opinion of the court written by Frazier, J.: "The statutory proceeding for trying the question of the validity of a will (2 G. & H. 558, *et seq.*) does not, it seems to us, involve any question as to whether the will has been admitted to probate. It may be instituted before probate or after. In either case it raises simply the question of the validity of the will. In the first case the contest, if successful, prevents the probate, while in the last it revokes it. It attaches itself to and becomes a part of the proceedings of the probate, so that if the will has been previously admitted to probate, the court takes judicial notice of that fact; if it has not been admitted, the judgment rests without action until the will is offered for probate, if it has not been offered."

Now the theory, that in a proceeding to contest a will before probate, the burden of proving the absence of undue

influence, fraud or coercion and of proving testamentary capacity is based on §3145 Burns 1914, §2587 R. S. 1881, which is a part of the statute providing for *ex parte* probate and which provides: "If it shall appear, from the proof taken, that the will was duly executed, and that the testator at the time of executing the same was competent to devise his property and not under coercion, such testimony shall be written down," etc. But this section of the statute simply voiced a rule of probate practice and does not require affirmative evidence of testamentary capacity or of the absence of fraud, undue influence or coercion entering into the execution of the will for the reason that the presumption is to the contrary as to all of these matters. In *Herbert* v. *Berrier* (1881), 81 Ind. 1, 4, it was said in an opinion written by Elliott, J.: "The appellant contends that our statute requires that affirmative evidence of testamentary capacity must be adduced before the will can be admitted to probate. The basis of this contention is supplied by section 30 of the act concerning wills, which reads thus: 'If it shall appear from the proof taken, that the will was duly executed, the testator at the time of executing the same competent to devise his property, and not under coercion, such testimony shall be written down, subscribed by the witnesses examined, and attested by the clerk * * * in a book kept for that purpose, and certified by him to be a complete record.' This section is to be taken in connection with other provisions of the same act, and, when so taken, can not be construed to overturn settled rules of evidence, and to require a proponent to show, not only testamentary capacity, but also freedom from restraint. We think the natural presumption of competency must prevail, unless something countervailing it appears. In the statute defining murder, the provision expressly refers to persons of sound mind, and yet the courts have universally held that sanity is to be presumed until the contrary is made to appear. * * * We can not believe that the legislature ever intended that

the proponent of a will should, in the first instance prove sanity and freedom from coercion.''

In *Blough* v. *Parry* (1896), 144 Ind. 463, 490, 491, 40 N. E. 70, 43 N. E. 560, it is held that the issue tendered, when a will is attacked for mental unsoundness, is testamentary incapacity and that the burden is on the one alleging it because sanity, testamentary capacity, is presumed. In that case it is admitted that outside of this State there is a conflict of decisions on this question, put, it is stated, the overwhelming weight of authority elsewhere is in harmony with our decisions. It is shown that the conflict had its origin in a rule of probate practice requiring the executor to offer some evidence of the testator's mental capacity on propounding the will, and to examine the subscribing witnesses on that point, whether his capacity was or was not impeached. This rule of probate practice has never been given the authority of law by the approval of our Supreme Court but the contrary has been held in *Herbert* v. *Berrier, supra.* Such a rule can not overturn settled rules of evidence. In *Teegarden* v. *Lewis* (1896), 145 Ind. 98, 109, 40 N. E. 1047, 44 N. E. 9, it is said, ''one who challenges the mental capacity of a testator or donor, has the burden of establishing the absence of the particular capacity in issue''. The court held in that case that ''the capacity to execute a will is the perfect requisite for the execution of a gift *inter vivos*,'' and, therefore, the proof of mental incapacity that would overthrow a will would invalidate a gift.

It has been considered that one claiming real estate as a gift by a deed had to sustain his title by proof of mental capacity of the grantor or that such deed was not procured by fraud or undue influence, except where a fiduciary relation existed, but, on the contrary, the burden has always been put upon the one attacking the deed on such grounds. It is difficult to understand why there should be a different rule applied to testamentary instruments. Section 3112 Burns 1914, §2556 R. S. 1881, withholds from persons of unsound

mind the power to make a will and §3110 Burns 1914, §2554 R. S. 1881, has the same effect as to a conveyance or contract. In the opinion of Judge Gould in *Delafield* v. *Parish* (1862), 25 N. Y. 1, 72, which case is cited to sustain the holding of the court in *Steinkuehler* v. *Wempner, supra,* the following was the decision of the court because concurred in by a majority of the judges: "It is claimed by the contestants, that the proponents shall, on their part, make out affirmatively that the deceased was of sound mind; and that, in a case where the positive testimony of witnesses produced is balanced, the will must be declared invalid. The words of our statute * * * 'if it shall appear upon the proof taken that such will was duly executed, that the testator, at the time of executing the same, was in all respects competent to devise real estate, and not under restraint,' the will shall be ordered proved, etc., have been deemed to countenance this doctrine. A first reading might leave this impression; but further consideration would probably show that no rule of evidence is affected by this statute; since, that the testator was not under restraint is, by this act, as much required to 'appear upon the proof taken', as any other requisite to full competency and due execution. * * * If restraint were claimed as a ground for avoiding the will, that must be affirmatively proved by the contestants. * * * 'In all cases where the act of a party is sought to be avoided, on the ground of his mental imbecility, *the proof of the fact* lies on him *who alleges it.'* * * * 'The burden of proof rests upon the party attempting to *invalidate* what, on its face, purports to be a legal act.'" Here was a statute identical with our §3145 Burns 1914, *supra,* indeed our section was taken from it, and the following proposition, found on page 97 of that case, stated the judgment of the court on that proposition: "At common law, and under our statute, the legal presumption is that every man is *compos mentis;* and the burden of proof that he is *non compos mentis* rests on the party who alleges that an un-

natural condition of mind existed in the testator. He who sets up the fact that the testator was *non compos mentis* must prove it.'' This was followed by *Jones* v. *Jones* (1892), 63 Hun 630, 17 N. Y. Supp. 905. When a statute has been adopted from another state its construction theretofore made is adopted with it. See, also, *Morrell* v. *Morrell* (1901), 157 Ind. 179, 186, 60 N. E. 1092.

So it would appear that the law has ever been in this State, until the case upon which the majority opinion is based, that the burden is on the one alleging mental incapacity, fraud, duress, undue influence, and, in short, anything attacking the integrity of a will to affirmatively prove his allegation. I think we should return to the salutary and just rule of placing the burden on whoever alleges unsoundness of mind, fraud, coercion, duress and undue influence, for the presumption is in favor of soundness of mind, honesty and fair dealing.

Erwin, J., concurs in this opinion.

NOTE.—Reported in 105 N. E. 900. On the question of the necessity that witnesses see signature of testator, see 38 L. R. A. (N. S.) 161. As to the burden of proving sanity with relation to wills, see 36 L. R. A. 733. As to testamentary capacity, see 8 Am. Rep. 181. See, also, under (1) 40 Cyc. 1338, 1120, 1117; (2) 3 Cyc. 169; (3) 40 Cyc. 1359; (4) 40 Cyc. 1272, 1020; (5) 3 Cyc. 386.