VEENSTRA *v.* FARMERS' MUT. FIRE INSURANCE CO. OF OTTAWA AND ALLEGAN COUNTIES.

1. INSURANCE—ORIGIN OF FIRE—FRAUD—QUESTION FOR JURY.

In an action on a fire insurance policy, the questions of plaintiff's fraud and the origin of the fire were properly submitted to the jury.

2. SAME—FRAUD—FORFEITURE—WAIVER.

Where defendant's records support plaintiff's claim that after he had submitted a list of property destroyed which was admittedly inaccurate, and which defendant claimed was false and fraudulent, he was told to submit a new list and the matter would be adjusted, the defendant, as a matter of law, waived all defense based upon warranties and forfeitures.

3. APPEAL AND ERROR—INSURANCE—HARMLESS ERROR.

In an action on a fire insurance policy, where the insurer was liable as a matter of law, and the verdict was considerably less than the loss proved, error in the argument of counsel and the court's instructions was without prejudice.

Error to Ottawa; Cross, J., presiding. Submitted October 24, 1916. (Docket No. 107.) Decided March 29, 1917.

Assumpsit by Jelle Veenstra against the Farmers' Mutual Fire Insurance Company of Ottawa and Allegan counties upon a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Diekema, Kollen & Tencate* and *Wilkes & Stone,* for appellant.

*Smedley & Linsey,* for appellee.

Plaintiff was a farmer residing in the county of Ottawa prior to November 21, 1912, and was insured in the defendant company in the sum of $6,150. Two thousand dollars was on his dwelling house, $500 on furniture, clothing, and provisions, $1,400 on his barn,

and $800 on hay, grain, and other farm products, $1,400 on live stock and farm implements, and $50 on a henhouse. About 3 o'clock in the afternoon of November 21, 1912, fire started in the barn of the plaintiff, where he was working, and destroyed the buildings insured and the contents of the barn. The loss of the plaintiff as to the house, barn, henhouse, hay, grain, and farm products exceeded the amount of the insurance on these items. The damage to the furniture, clothing, and provisions was less than $500, and the damage to the live stock and farm implements was less than $1,400. The defendant company refused to pay the loss because it is claimed the plaintiff committed fraud in his proof of loss and in his statement as to the cause of the fire. The plaintiff denied any fraud on his part; and claimed that, if there was fraud, it was subsequently waived by the officers of the defendant company.

The day after the fire he notified the company, and was told to make out a list of the losses and that on the Saturday following representatives would come to his place and adjust the loss. He made out the list, and the representatives came, and, upon submission of the list to them, would not agree to his figures. In this list plaintiff valued everything lost as if it were new. Several things were included in this list which had not been burned, and a number of things were left out. Thereafter plaintiff was requested to come to Zeeland, and upon his arrival there he had a conference with the board of directors of defendant company. At this meeting he was told that he had sworn falsely and that he was liable to arrest, and after talking the matter over he was allowed to make out a new list and price all the items as secondhand. On November 25, 1912, he made out his new list and sent it to the company, and on December 20th following he received a letter from them stating that the company was not authorized to pay his claim. He answered

by a letter asking that the matter be submitted to a board of arbitration, and received a reply that the matter could not be submitted to a board of arbitration, as the company did not consider themselves liable for any claim because of the fraud attempted to be perpetrated by him.

Suit was commenced by the plaintiff on May 9, 1913, which resulted in a disagreement of the jury. The case was again tried, and again the jury disagreed. On the third trial a verdict rendered for the plaintiff was set aside, and on the fourth trial a verdict for the plaintiff of $5,038.35 was rendered, from which defendant appeals. In the court below the defendant made a motion for a new trial because the verdict was against the weight of the evidence, because the answer of the jury to a special question submitted to them was against the weight of the evidence, and because of misconduct of plaintiff's attorney in his argument to the jury. This motion was denied, and this ruling of the trial court is one of the alleged errors upon which appellant relies.

KUHN, C. J. (*after stating the facts*). The evidence of fraud relied upon by the defendant for a reversal of this case relates to the cause of the fire and the proof of loss. It was the plaintiff's claim that he did not know the origin of the fire, but first saw the fire on the top of the mow in the barn. The only explanation he gives as to its cause is that it might have originated from spontaneous combustion from the silo which was on the inside of the barn at one end of the hay mow, as this had recently been filled with green corn and green clover. The defendant insists that this theory of the origin was highly improbable, and that from plaintiff's conduct and his statements concerning the fire, it is established that he either set the fire or that it originated through gross carelessness on his part. Be that as it may, the question was submitted by the

trial court to the jury as a question of fact, and, we think, properly so.

The other claim of fraud relates to the overestimating of the value and quantity of the property destroyed. It is apparent from the record that in the first list prepared by the plaintiff property was overvalued, and some property listed which was not burned which plaintiff testified he thought had burned at the time he made the list. The records of the meeting of the directors of the defendant company held on December 2, 1912, which the plaintiff attended, shows the following:

"After a few more questions Mr. Jelle Veenstra was excused, and upon his request he was permitted to make a new list of the property burned or damaged and to send that to the secretary."

An attempt was made to impeacn the second list by showing that the action of the board in truth was not to allow the plaintiff to make a new list. On December 16, 1912, the board of directors of the defendant company again met, and the record of this meeting discloses that:

"The minutes of the preceding meeting were read by the secretary and approved by the board."

Plaintiff was not notified that the company claimed a forfeiture until December 20, 1912. The question of the waiver by the defendant company of the fraud in the original list and resulting forfeiture of the policy was submitted to the jury with the following instructions:

"You are instructed that, if you find from the evidence that on December 2, 1912, at an official meeting of the board of directors at Zeeland, it knew all the facts which the company now relies upon as showing fraud or an attempt to defraud the company, and at that meeting they permitted him to make out a new list of burned and damaged property and directed him

to send it to the secretary and told him that they would then pay the loss, and you find that the plaintiff at some trouble did make a new list, and did send it to the company, I charge you that that would constitute a waiver of the forfeiture, if there was one, and the policy would still be in force, and the plaintiff would have a right to recover under it, and in that case, if you so find, your verdict should be for the plaintiff."

At the meeting of December 2, 1912, the board of directors were in possession of all the facts which they are now relying upon as a defense to plaintiff's action, and at this meeting the plaintiff claims he was told to go home and make out a new list and send it to the secretary and the matter would be adjusted. This claim finds strong support in the records of the company kept by its secretary above referred to, and, in our opinion, it must now be held to be bound by its own records. While the trial judge submitted this question of waiver to the jury, we are of the opinion that he might properly have directed the jury that as a matter of law the defendant had waived all defense based upon warranties and forfeitures. See *Penn. Fire Ins. Co.* v. *Kittle*, 39 Mich. 51; *Marthinson* v. *Insurance Co.*, 64 Mich. 372 (31 N. W. 291); *Granger* v. *Fire Assurance Co.*, 119 Mich. 177 (77 N. W. 693).

It also appears that, if the defendant company is liable, the amount of the verdict is considerably less than what the proofs show the loss to have been. It is therefore unnecessary to consider other assignments of error as to the argument of counsel and the charge of the court, because, if it should be found that there was error in this regard, it must be said to have been error without prejudice.

The judgment is affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.