## AMERICAN INSURANCE COMPANY *v.* PAGGETT.

[No. 10,365. Filed October 15, 1920.]

1. INSURANCE.—*Fire Insurance.— Forfeiture.— Fraud.— Proofs of Loss.*—In an action on a policy of fire insurance which provided that fraud, or false swearing on the part of insured in his proofs of loss, should cause a forfeiture of all claims under the policy, *evidence held* to show that insured in proofs of loss knowingly overstated the value of property destroyed. p. 679.

2. APPEAL.—*Review.—Denial of New Trial.—Verdict Supported by Obviously False Testimony.—Duty of Trial Judge.*—In an action on a fire policy which provided that fraud or false swearing by insured in making proofs of loss should cause a forfeiture of all claims under the policy, where it was obvious from the evidence that insured in his proofs of loss had knowingly overstated the value of the goods destroyed, *held* that the trial judge should not have permitted the verdict supported by such evidence to stand, but in the performance of his whole

duty should have granted a new trial, especially as his failure in this respect could not, under the circumstances, be corrected on appeal.   p. 682.

3. APPEAL.—*Review.*—*Instructions.*—*Invading Province of Jury.* —A requested instruction that the jury "cannot rightly brush aside" certain testimony, was properly refused as invading the province of the jury.   p. 683.

4. EVIDENCE.—*Writing in Course of Business.*—*Weight.*—Writings made by a party in the course of a business transaction, at the time the events are transpiring, are much more satisfactory evidence than the oral statements of a party after controversy has arisen, and after he has become biased and excited by the controversy.   p. 683.

5. INSURANCE.—*Fire Insurance.*—*Insurer's Denial of Liability.* —*Recovery of Attorney's Fees by Insured.*—*Statute.*—Section 4622g Burns 1914, Acts 1911 p. 525, confers upon insured the right to recover a reasonable amount for attorney's fees only where there is a dispute as to the amount of loss, and where, after preliminary proofs of loss and demand for an appraisement, the selection of appraisers and their failure to agree, the selection of a second set of appraisers to select a second umpire within the time prescribed, and is not applicable where liability is wholly denied.   p. 684.

6. INSURANCE. — *Fire Insurance.* — *Fraud by Insured.* — *Forfeiture of Policy.*—*Return of Premiums.*—Insurer was not required to tender back to insured the premiums which he had paid in order to defend an action on the policy on the ground of insured's fraud in swearing falsely in his proofs of loss as to value of property destroyed, the policy providing that such fraud should cause a forfeiture of all claims under the policy. p. 685.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by Ezekiel Paggett against the American Insurance Company, of Newark, New Jersey.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Bomberger, Peters and Morthland* and *Homer Elliot,* for appellant.

*Hickam & Hickam,* for appellee.

MCMAHAN, C. J.—Action by appellee on a fire insurance policy.   From a judgment in favor of appellee, appellant prosecutes this appeal, and for error assigns

the action of the court in overruling its motion for a new trial.

The first contention of appellant is that the verdict is not sustained by sufficient evidence. The policy sued on provides that any fraud, or attempt at fraud, or false swearing on the part of the insured, either in his proofs of loss or otherwise, shall cause a forfeiture of all claims under said policy.

The property covered by the policy and destroyed by the fire was household goods; the only article of any particular value being a piano, which cost $325 about three months before the fire. In appellee's verified proof of loss he itemized the property destroyed and fixed the value of each item, the aggregate value being therein given at $786.78. Later, in accordance with the terms of the policy, he was examined under oath concerning the property destroyed and its value. He also testified as a witness on the trial.

Appellant contends that the appellee in his proof of loss and in his examination before trial and at the trial attempted to perpetrate a fraud upon it and was

1. guilty of false swearing, in that he wilfully and falsely stated under oath the value and cost of certain property destroyed. The particular items about which it is claimed that appellee so stated being six dining room chairs, which appellee stated were worth $9.50, and that he paid that amount for them; two rocking chairs, one of which he says cost $8.65 and the other $6.15; one 9 x 12 rug, for which he said he paid $16.75; and one dresser for which he said he paid $29.65. This dresser was purchased from Harris Brothers, and the other items mentioned were purchased from the Hartman Furniture Company. Both of these companies were mail order houses doing business at Chicago, Illinois. Appellee testified positively both before and at the trial that these articles were of the value so stated, and that he so fixed

the values for the reason that each of them cost him the amount stated, and at the time of the fire they were worth what he paid for them; that he knew what he paid for each item and could not be mistaken as to the cost.   Appellant produced and introduced in evidence appellee's written order which he sent to Hartman Furniture Company, in which he ordered four dining room chairs, each costing ninety-three cents; two rocking chairs costing $3.95 each, and one Washburn rug 9 x 12 costing $5.15, aggregating $16.77.   The records of the Hartman Furniture Company, showing the receipt and shipment and cost of these items, and the bill of lading issued by the railroad showing therein receipt and shipment, were introduced in evidence.   Appellee's written order to Harris Brothers for the dresser was introduced in evidence, showing the cost to be $10.70.   A letter from appellee to Harris Brothers, written to them a month after the order was written, was introduced in evidence and refers to the dresser and states that the price of the same was $10.70.   The records of Harris Brothers showing shipment of the dresser, the price $10.70, and the bill of lading issued by the railroad for the same were also introduced in evidence.   This written evidence made at the time the articles mentioned . were purchasd before any controversy arose as to their value, and at a time when there was no inducement to falsify, we are constrained to say, conclusively shows that, instead of appellee purchasing six dining room chairs costing $9.50, he purchased four at a cost of $3.72; two rocking chairs bearing the same factory and catalogue number each costing $3.95 instead of $8.65 and $6.15; one 9 x 12 rug, costing $5.15 instead of $15.75; and one dresser costing $10.70 instead of $29.65. This dresser was purchased on the installment plan, $2.50 being paid at the time it was ordered in February, 1917, and the last payment of one dollar was made Oc-

tober 17, 1917, six weeks after the proofs of loss were made and less than one week after his examination under oath. We thus have appellee's written order for the dresser dated January 5, 1917, his letter of February 16, 1917, wherein he said the cost of the same was $10.70. Payments were made from time to time and, on October 17, 1917, he made the final payment; yet, in his proof of loss dated September 5, 1917, he says the dresser is worth $29.65. In his examination taken October 11, he makes oath that it is worth $29.65, because that is what he paid for it, and again on the trial of the case we find him again stating under oath that its value is the same because it cost him that amount. He is positive in his statements and emphasizes it by saying that he cannot be mistaken, because he sent Harris Brothers a check for that amount, notwithstanding his written order wherein he says he sent $2.50. After the introduction of all this evidence, after appellee had seen his written orders and letters, wherein he over his own signature conclusively fixes the cost of the items, he takes the witness stand in rebuttal, but makes no attempt to deny this evidence, makes no attempt to explain his oral statement, or admitting his error, on the ground of forgetfulness. It would thus appear that, even after his attention had been called to his written orders and letters, and refreshing his recollection thereby, he, by his silence, reaffirmed his former untruthful statements and testimony as to the cost, when he must have known to a certainty that his testimony on this subject was absolutely false. The larger part of his household furniture was purchased from his mother and sister, and, in view of this evidence, we are justified in assuming that the values placed upon it are as fictitious and excessive as the values placed upon the articles purchased from Harris Brothers and the Hartman Furniture Company. This is not a case like *Sisk* v.

*American,. etc., Ins. Co.* (1902), 95 Mo. App. 695, 69 S. W. 687, cited by appellee, where it is said that the plaintiff "had a better knowledge of the quantity and value of the goods than any one else could have." There the owners gave their estimates of the value; no better proof was there available; the defendant in that case offered no evidence whatever and, as said by the court: "There is not a ray of testimony anywhere to be found in the record that intimates that the loss was not an honest one, * * * or that the goods were of less value than that placed upon them by the plaintiffs." The instant case is not one, as appellee would have us hold, where he innocently misstated the value of his property. It is a case where he knowingly and intentionally misstated material facts bearing upon the value of the property destroyed. The jury by their verdict found that the value of the property destroyed was $450. According to the undisputed testimony of appellee, if believed, the value of this property, not including the above-mentioned items, was $716.88, and appellee was entitled to a verdict for the face value of his policy— $600. Accepting the value of the piano as $325, as testified to by appellee and about which there is little or no dispute, we find that the jury allowed appellee $125 as being the value of the property destroyed when its value as testified to by appellee was $461.78.

While we do not reverse this case upon the evidence, we have felt constrained to enter into a discussion of the evidence in order that the trial judge in event 2. that the case is again tried may be impressed with the necessity of performing his whole duty, and not permit a verdict to stand where supported by such evidence as supports the verdict now under consideration. This is a case, if there ever was one, where the trial judge should without hestitation have set aside the verdict and granted a new trial. This is a respon-

sibility he cannot shift. A failure on his part to do his duty in this regard cannot be corrected by this court on appeal.

Appellant contends that the court erred in admitting in evidence a letter written by appellee's attorneys to appellant, and dated August 29, 1917. No part of this letter should have been admitted in evidence. Without setting it out, it is sufficient to say that it was highly prejudicial to the rights of appellant, and that its introduction in evidence was reversible error. The next contention is that the court erred in refusing to give instruction No. 18 tendered by appellant. This

3. instruction was to the effect that the testimony of a disinterested witness, supported by written evidence made at a time when there was no occasion to distort the truth, and that the jury "cannot lightly brush aside such testimony" unless it has been met with evidence of equally convincing force. As suggested by appellee, we think the expression telling the jury that it "cannot lightly brush aside such testimony," invaded the province of the jury. There was no error in the action of the court in refusing to give the same. This objection, however, would have been cured if it had told the jury that it should not, instead of could not, lightly brush it aside.

Writings made by a party in the course of a business transaction, at the time the events are transpiring, are

4. much more satisfactory evidence than the oral statements of a party after a controversy has arisen, and after the party has become biased, heated and excited by that controversy. *Foster* v. *Ohio, etc., Mining Co.* (1883), 17 Fed. 130. In *Whitaker* v. *Parker* (1876), 42 Iowa 585, it was held that the court may properly inform the jury that a writing is entitled to more weight than statements founded merely on memory. A similar instruction was approved in

*Anderson* v. *Tribble* (1881), 66 Ga. 584. Some memories are like sieves and, as said by the court in *Miller* v. *Cotten* (1848), 5 Ga. 341, 349: "I would sooner trust the smallest slip of paper for truth than the strongest and most retentive memory ever bestowed on mortal man."

Complaint is. made of instruction No. 7, wherein the court instructed the jury that §4622g Burns 1914, Acts 1911 p. 525, was applicable and, in the event the jury found for appellee, they should add thereto a reasonable amount for attorney fees. Where policies require preliminary proofs of loss, this statute makes certain provisions as to such proofs, and further provides that if, after the same shall be made, there is a failure to agree on the amount of damage, either party may demand an appraisement. After setting out the procedure in the appraisement, the statute provides that: "Should there be a failure to select such umpire in the time herein fixed, or should there be a failure to agree on the loss sustained by the insured within the time herein expressed, then two other competent and disinterested appraisers shall be named within the time and manner as the first appraisers, who shall proceed in the same .manner as the first-named appraisers, to estimate the loss of the insured and selection of the umpire, and upon failure to select such second umpire within the time herein specified, the insured shall have a right to institute suit to recover any loss sustained under such policy, with reasonable attorneys fees * * *." This section is not applicable to a case like this, where all liability under the policy is denied. The right to recover attorney's fees is conferred only in a case where liability is not wholly denied, and where, after preliminary proofs of loss and demand for an appraisement, the selection of appraisers and their failure to agree, the selection of a second set of appraisers

and their disagreement, there is a failure of the second set of appraisers to select a second umpire within the time prescribed. *Springfield, etc., Ins. Co.* v. *Fields* (1916), 185 Ind. 230, 113 N. E. 756. Appellee was not under the facts entitled to recover attorney's fees and the giving of said instruction was error.

Instruction No. 15, tendered by appellant to the effect that appellant was not required to tender back to appellee the premium he had paid in order to defend on the ground of fraud, was a proper instruction and should have been given. Its refusal was error. We have examined all the other instructions tendered and refused of which complaint is made, and are of the opinion that they were sufficiently covered by the instructions given.

Judgment reversed, with directions to grant a new trial, and for further proceedings not inconsistent with this opinion.

Dausman, J., concurs in so far as the opinion relates to the admission of evidence, the giving and refusal to give instructions.