JOHNSON ET AL. v. BANKER ET AL.

[No. 23,740.   Filed March 16, 1923.]

1. NEW TRIAL.—*Grounds.—Insufficiency of Evidence to Sustain Answer to Interrogatories.—Statutes.*—That an answer to a special interrogatory submitted to the jury is not sustained by sufficient evidence is not a ground for a new trial under §585 Burns 1914, §559 R. S. 1881.   p. 17.

2. WILLS.—*Resistance to Probate.— Unsoundness of Mind.— Finding.—Conclusiveness.*—In an action to resist the probate of a will on the ground that testatrix was of unsound mind, where there was evidence of unsoundness of mind, which, if standing alone, would be sufficient to sustain the verdict in favor of contestors, it is sufficient on appeal as against any evidence to the contrary, as the court on appeal will not weigh the evidence.   p. 18.

3. WILLS. — *Resistance to Probate. — Execution. — Burden of Proof.*—Where objections are filed to the probate of a will, the proponents have the burden of proving that the testatrix executed it, that it was duly witnessed, and that she was of sound mind.   p. 18.

4. TRIAL.—*Jury Questions.—Credibility of Witness.*—Questions as to the credibility of witnesses testifying before a jury are for the jury, subject only to review by the trial judge.   p. 19.

5. WILLS.—*Resistance to Probate.—Incorrect Answers to Interrogatories.*—In an action to resist the probate of a will, where the jury found by its verdict that testatrix did not execute the alleged will in statutory form at a time when she was of sound mind, the mere fact that some interrogatories relating to collateral matters were not correctly answered is not cause for reversal.   p. 19.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Application for the probate of the will of Colista Caroline Phillips, deceased, opposed by Colista V. Banker and others.   From a decree denying probate, Phebe Ellen Johnson and others appeal.   (Transferred from the Appellate Court under §1392, cl. 7, Burns' Supp. 1921, Acts 1915 p. 149.)   *Affirmed.*

*Hickey & Wolfe,* for appellants.

*Doran & Conboy* and *Sutherland & Smith,* for appellees.

EWBANK, J.—Appellants offered for probate what purported to be the will of Colista Caroline Phillips, and appellees interposed objections for the reasons, as alleged, that the testatrix was of unsound mind, that the pretended will was not executed by her, that it was not signed by her nor by another for her at her request and with her knowledge, and also for certain other alleged reasons which the evidence wholly failed to prove. The jury returned a general verdict that the paper in question was not her will and should not be admitted to probate, and also returned answers to forty-four interrogatories, all of which were consistent with the general verdict. There was no interrogatory asking whether or not Mrs. Phillips was of unsound mind, but interrogatories were answered to the effect that she did not sign the will by making her mark on the day it was dated, and that the three persons whose names appear thereon as witnesses did not sign it as witnesses on that date, in the presence of Mrs. Phillips and of each other. Appellants filed a motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law, and that each answer to each of twenty-three interrogatories is not sustained by sufficient evidence, besides certain other alleged reasons that have been waived by appellant's failure to discuss them. This motion was overruled, and appellants excepted, and have assigned that ruling as error.

That an answer to a designated interrogatory is not sustained by sufficient evidence is not one of the statutory causes for a new trial. §585 Burns 1914,

1. §559 R. S. 1881; Sievers v. Peters Box and Lumber Co. (1898), 151 Ind. 642, 656, 50 N. E. 877, 52 N. E. 399; Federal Life Ins. Co. v. Maxam (1917), 70 Ind. App. 266, 289, 118 N. E. 839.

Many witnesses testified to facts tending to prove that

Mrs. Phillips was not entirely normal. Sixteen nonexpert witnesses, after detailing to the jury the facts on which their respective opinions were based, each expressed the opinion that she was of unsound mind. A physician, called as an expert witness, answered a long hypothetical question purporting to enumerate facts of which there was evidence, by testifying that upon those facts, in his opinion, she was of unsound mind. There was much evidence to the contrary, including the testimony of the person who wrote and witnessed the will, that she came to his office, told him all about her family and her property, and just how she wanted to devise each item, and what she did and said in executing the will. But this court does not weigh evidence, and evidence of unsoundness of mind which, if it stood alone, would be sufficient to sustain the verdict, is sufficient on appeal as against any amount of evidence to the contrary. *Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449, 455, 41 N. E. 365.

A witness testified that he wrote the will, that he signed the name of Mrs. Phillips to it by her direction, with the words "her mark," that she made her mark by way of executing the will, and that he then signed his name as a witness in her presence, at her request. But three bankers and a professional examiner of questioned documents, called as expert witnesses, testified that his name and the name of Mrs. Phillips were not written on the alleged will by the same hand. This witness to the will, who said he wrote it and wrote the signature of the testatrix, had never seen Mrs. Phillips until the time when he said she came to his office to have her will prepared, and only saw her once afterward when he met her with appellants, and the only other witness to the will who testified at the trial saw her but once, and that was when he witnessed the will, being called in after the name of Mrs.

Phillips was written and her mark was made. The third man who signed as a witness and was said to have brought Mrs. Phillips to the place where the will was prepared, did not testify. All the evidence except the will consisted of oral testimony. If the jurors and the trial judge believed the expert witnesses, or did not credit the identification of Mrs. Phillips by witnesses who had never seen her before and had no acquaintance with her afterward, they were not bound to find the will duly executed upon this testimony. Objections having been filed before the will was admitted to probate, the proponents (appellants) had the burden of proof to establish that the testatrix executed it, that it was duly witnessed, and that she was of sound mind. *Herring* v. *Watson* (1914), 182 Ind. 374, 377, 105 N. E. 900; *Stein-kuehler* v. *Wempner* (1907), 169 Ind. 154, 161, 162, 81 N. E. 482, 15 L. R. A. (N. S.) 673.

And where the contestors had the burden of proof and the only evidence in their favor was the oral testimony of witnesses, to which the jury must give credit 4. in order to uphold the will, this court cannot say on appeal that those witnesses should have been believed. Questions as to the credibility of witnesses testifying before a jury are for the jury, subject only to review by the trial judge. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 40, 73 N. E. 592, 74 N. E. 613; *Cleveland, etc., R. Co.* v. *Baker* (1920), 190 Ind. 633, 128 N. E. 836, 838; *American Ins. Co.* v. *Paggett* (1920), 73 Ind. App. 677, 128 N. E. 468, 470.

If it be true, as the jury found by its verdict, that Mrs. Phillips did not execute the alleged will in the statutory form at a time when she was of sound mind, ap-5. pellants were not entitled to recover. And if they had no right to prove the will, the mere fact, if it be a fact, that some interrogatories relating to collateral matters were not correctly answered, is not cause

for reversing the judgment by which they were denied relief.

The judgment is affirmed.

Willoughby, J., absent.