## MARION STUDER v. HUDSON INSURANCE COMPANY.[1]

January 31, 1930.

No. 27,524.

[1]Reported in 229 N. W. 88.

290

*Bauers, Carlson & Beveridge,* for appellant.

*Charles H. Richter* and *Donohue, Quigley & Donohue,* for respondent.

WILSON, C. J.

Defendant appealed from the judgment. There was no motion for a new trial. Our consideration is therefore limited to the sufficiency of the evidence to reasonably sustain the findings of fact and whether the conclusions of law and judgment are sustained by the findings of fact.

Plaintiff carried $3,000 insurance with defendant upon her household furniture and equipment. Most of the insured property was lost in a fire. This action was to recover therefor.

The policy provided that it should be void "if the insured shall make any attempt to defraud the company, either before or after the loss." If the insured was guilty of fraud within the language of this clause she could not recover. Bahr v. Union F. Ins. Co. 167 Minn. 479, 209 N. W. 490; Claflin v. Commonwealth Ins. Co. 110 U. S. 81, 3 S. Ct. 507, 28 L. ed. 76; Columbian Ins. Co. v. Modern Laundry, Inc. (C. C. A.) 277 F. 355, 20 A. L. R. 1159.

Defendant's contention is that plaintiff committed such fraud in an attempt to deceive the insurer by knowingly overvaluing the property destroyed or by attempting to overvalue such property. It is also claimed that plaintiff attempted to deceive defendant by listing certain property not destroyed. Upon the controlling issues there was strong, direct evidence accompanied by reasonable and convincing inferences that would have justified a conclusion either way. The solution was the problem of the trial court, which has found against the defendant. The record does not call for or warrant any interference on our part.

Affirmed.