CRANEY ET AL. *v.* TODD.

[No. 14,088.   Filed March 6, 1931.]

*R. L. Bailey* and *W. S. Henry,* for appellants.
*Robert Lee Brokenburr,* for appellee.

NEAL, P. J.—This action was instituted by Elizabeth Todd, widow of the late William P. Todd, deceased, by filing objections to the probation of a pretended will of the decedent.   Afterwards, she filed her complaint to resist the admission to probate and alleged:   (1)   That the decedent, at the time the pretended will purports to have been executed, was of unsound mind and incapable of making a will; (2) that the pretended will was never executed.   Trial was before a jury.   At the close of appellants' evidence in chief, the appellee, plaintiff below, moved the court for an instructed verdict, which motion was sustained by the court, and the jury returned a verdict for the appellee.   The error relied upon for reversal is the overruling of the motion for a new trial and

the several causes presented are: (1) Error of the court in instructing the jury to return a verdict for the plaintiff; (2) error in the exclusion of certain evidence, to wit, the alleged will of William P. Todd; (3) the verdict of the jury is contrary to law.

The only error which it is necessary for us to consider is the action of the court in instructing the jury to return a verdict for the appellee.

The Supreme Court, in *Harbison* v. *Boyd* (1911), 177 Ind. 267, 96 N. E. 1009, said: "The proponents on the trial were required, in the first instance, to make a *prima facie* case only, upon all the material issues raised by the pleadings." See *Hoffbauer* v. *Morgan* (1909), 172 Ind. 273, 88 N. E. 337. *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673; *Johnson* v. *Banker* (1923), 193 Ind. 16, 138 N. E. 505.

The evidence in this case fails to establish a *prima facie* case in favor of the proponents of the will, in that due execution of the pretended will is not proved. *Reed* v. *Watson* (1867), 27 Ind. 443; *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429.

The court did not err in instructing the jury to return a verdict for the appellee.

Judgment affirmed.