## JOSEPH SUPORNICK v. NATIONAL RETAILERS MUTUAL INSURANCE COMPANY.[1]

March 14, 1941.

No. 32,444.

[1]Reported in 296 N. W. 904.

*Sydney W. Goffstein* and *Carl W. Cummins,* for appellant.
*Harold C. Kerr* and *Walter T. Ryan,* for respondent.

HILTON, JUSTICE.

Plaintiff sues as assignee of rights of insured under a Minnesota standard policy of fire insurance. There was a loss, the amount of which was determined by a board of appraisers appointed pursuant to the policy. 1 Mason Minn. St. 1927, § 3512. As defense to action on the award, the insurer alleged attempted fraud by the insured after the fire, first in their statement of loss and damage, and second in the hearing before the appraisers.

It is enough of the facts to say that there is evidence from which the jury could reasonably have found, as they did, for defendant on that issue. *Cf.* Hodge v. Franklin Ins. Co. 111 Minn. 321, 126 N. W. 1098. They might have found that the insured, fraudulently and with intent to procure from defendant payment of much more than their actual loss, exaggerated both sound value

and damage in their written statement submitted to defendant. *Cf.* Bahr v. Union F. Ins. Co. 167 Minn. 479, 209 N. W. 490; Studer v. Hudson Ins. Co. 179 Minn. 289, 229 N. W. 88. The evidence also supports the conclusion that the fraudulent effort was repeated before the appraisers.

■ The jury was charged in substance that the defendant should have the verdict if, by preponderance of evidence, it had established its affirmative defense of attempted fraud. Plaintiff assigns as error the failure of the trial court to hold as matter of law that defendant had waived its defense of attempted fraud. This issue of waiver by defendant was properly made by the reply. Plaintiff's claim is that after having procured knowledge of the attempted fraud, if any, defendant did not promptly and unequivocally deny liability but went on with the appraisal. 7 Couch, Insurance, § 1622; Veenstra v. Farmers Mut. F. Ins. Co. 195 Mich. 55, 161 N. W. 824; *cf.* Marblestone Co. v. Phoenix Assur. Co. Ltd. 169 Minn. 1, 204 N. W. 42, 210 N. W. 385.

The trouble with this point is that it is not now open for consideration on the record. Plaintiff submitted nine requests for instructions with no mention in any concerning the supposed waiver by defendant. In finishing the charge, the trial judge asked counsel for "any corrections or suggestions?" The answer for plaintiff was "No." In addition, plaintiff's motion for new trial in his 15 specifications of error, is again significantly silent on the issue of waiver by defendant. It may be that when the case went to the jury counsel for plaintiff felt that in any event, as to evidence of attempted fraud by insured in the hearing before the appraisers, there could have been no waiver. Whatever the reason, it is clear that the theory of the submission of the case to the jury, plus silence in the specifications of error in the motion for a new trial, removes the matter from the scope of this appeal. 2 Mason Minn. St. 1927, § 9327; Parten v. First Nat. B. & T. Co. 204 Minn. 200, 283 N. W. 408, 120 A. L. R. 862; White v. Mazal, 192 Minn. 522, 257 N. W. 281.

■ Another assignment of error goes to the admission of the opinion testimony of a member of the St. Paul fire department. His opinion was asked whether five cigarette cases could have been "entirely burned without burning those wooden supports off." It had already appeared that a considerable pile of cigarettes in original packages had been destroyed without leaving substantial evidence of combustion. The objection to the question was that it was "without foundation, no length of time shown." That did not challenge the examination as going beyond the field of opinion testimony. *Cf.* Hamberg v. St. Paul F. & M. Ins. Co. 68 Minn. 335, 71 N. W. 388. Aside from that, it is enough to say that in allowing the question, which was answered in the negative, there was no prejudicial error. 5 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 7180; Moe v. Paulson, 128 Minn. 277, 150 N. W. 914; Rennie v. Skellett Co. 151 Minn. 63, 186 N. W. 130. Any adverse effect of the question upon plaintiff's case was largely removed by cross-examination.

■ Wholly without merit is the point for plaintiff that by retaining the premium defendant as insurer had waived or was estopped from asserting a forfeiture on ground of attempted fraud. Defendant as insurer had carried the risk of loss during the life of the policy. There is no ground for requiring it to refund the premium as the price for asserting its defense. 3 Couch, Insurance, § 738; Parsons, Rich & Co. v. Lane, 97 Minn. 98, 119, 106 N. W. 485, 4 L.R.A.(N.S.) 231, 7 Ann. Cas. 1144; American Ins. Co. v. Paggett, 73 Ind. App. 677, 128 N. E. 468; Phenix Ins. Co. v. P. J. Willis & Bro. 70 Tex. 12, 6 S. W. 825, 8 A. S. R. 566.

■ Similarly without merit is the contention that the penalty and forfeiture clause invoked here is void for constitutional reasons. 1 Mason Minn. St. 1927, § 3512, provides that "the policy shall be void * * * if the insured shall make any attempt to defraud the company, either before or after the loss." So far as we know, the validity of this provision has never been questioned. While it may be conceded that the penalty is harsh, considering the essential public interest affected by insurance contracts, at-

tempted fraud, if sanctioned, would lead to as serious a threat to the public weal as consummated fraud. *Cf.* Glidden Co. v. Retail Hardware Mut. F. Ins. Co. 181 Minn. 518, 233 N. W. 310, 77 A. L. R. 616. There can be no doubt that, in view of the offense, the punishment imposed is reasonable. *Cf.* State v. Elliott, 135 Minn. 89, 160 N. W. 204. Certainly the penalty provisions cannot be deemed as harsh as the forfeiture clauses of the usury laws which strike down both principal and interest. 2 Mason Minn. St. 1927, § 7036, *et seq.*

There being sufficient evidence to support the jury in its finding of attempted fraud, any interference by us with the result would be unwarranted.

Order affirmed.

MR. JUSTICE LORING took no part in the consideration or decision of this case.

