**Wade William ABRAHAM, Appellant,**

v.

**FARMERS HOME MUTUAL
INSURANCE COMPANY,
Respondent.**

**No. C6–88–1963.**

Court of Appeals of Minnesota.

May 2, 1989.

Review Denied June 21, 1989.

Robert M. Greising, Greising Law Offices, P.A., Waterville, for appellant.

Jon A. Hanson, Ian C. Ritts, Hanson, Noel & Lulic, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

Wade William Abraham appeals from a grant of summary judgment and from the order denying his motion to vacate the summary judgment granted to respondent Farmers Home Mutual Insurance Company. We affirm in part, reverse in part, and remand for trial.

## FACTS

On July 31, 1984, Abraham's home was damaged by fire. At the time of the fire, a homeowner's insurance policy was in effect with Farmers Home. The insurance company was notified of the fire on August 1, 1984. Shortly thereafter, an adjuster from the insurance company viewed the property and left forms for Abraham to fill out. Abraham completed those forms and turned them over to his agent, who forwarded them to Farmers Home on August 8, 1984. Gerald Lembeck, a Farmers Home representative, contacted Abraham and advised him that he would have a check for living expenses within a week. Abraham never received a payment.

Farmers Home began an investigation into Abraham's financial background to ascertain whether Abraham had a financial motive to start the fire. On August 7, 1984, Lembeck advised Abraham's attorney that the investigation was continuing. Lembeck also requested that Abraham submit his loss in accordance with the policy provisions and sign a nonwaiver of rights. On August 24, 1984, an executed copy of the notice of nonwaiver of rights was returned to the insurance company. Lembeck again requested a proof of loss on

September 19, 1984. At that time, Abraham's attorney asked Lembeck what the insurance company specifically required, but he received no answer. Abraham's attorney indicated there was no request that Abraham be questioned under oath until that request was made in a letter of October 4, 1984.

On October 4, 1984, the insurance company's attorney sent Abraham's attorney a certified letter requesting an examination under oath, pursuant to the provisions of the policy. The letter advised Abraham of his right to have an attorney present during the examination and that any statements could be used in a subsequent civil or criminal proceeding. The letter further stated that the investigation would be completed within 30 days of the examination under oath. Abraham did not respond to this request. The insurance company's attorney sent a second request for examination under oath by certified letter on November 20, 1984. Again, Abraham did not respond.

In February 1985, Abraham commenced litigation against Farmers Home to collect on the insurance policy. Summary judgment was granted for Farmers Home. On August 22, 1988, Abraham moved for an order vacating the judgment on the basis of the Minnesota Supreme Court decision in *McCullough v. Travelers Companies*, 424 N.W.2d 542 (Minn.1988). The trial court denied that motion.

The investigation by the county sheriff's office and the state fire marshal found that the fire was not of an incendiary nature.

## ISSUES

1. Did the trial court err in granting summary judgment for Farmers Home?

2. Did the trial court err in ruling that Minn.Stat. § 65A.01, subd. 3 was constitutional?

## ANALYSIS

1. On appeal from a grant of summary judgment it is the function of the appellate court to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the one against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

The trial court held that Farmers Home was entitled to summary judgment due to Abraham's failure to respond to the request for examination under oath and his failure to submit a proof of loss. The court held that Abraham's failure to meet the conditions precedent to recovery constituted a material breach of contract, thus barring his recovery. The trial court further held that *McCullough v. Travelers Companies*, 424 N.W.2d 542 (Minn.1988) did not provide a basis for vacating the summary judgment.

Abraham argues that *McCullough* applies to this case and that there is a fact issue here regarding his cooperation with the insurance company. In *McCullough*, the court held that failure to submit to an examination did not by itself constitute a breach and forfeiture of benefits under the policy, where the insured had not expressly refused to submit to examination and was willing to be examined shortly after bringing the suit. *Id.* at 544. An examination under oath was held not to be a condition precedent to suit but was instead a condition to recovery under the policy. *McCullough* distinguished several cases where the insurer was entitled to summary judgment based on the insured's failure to submit to an examination by noting that in those cases the insured clearly showed an unwillingness to submit to examination by express refusal or through a pattern of non-cooperation.

■ Abraham stated in his affidavit that he completed a schedule of property loss forms and turned them over to his agent, who forwarded them to Farmers Home. He was told that a payment for living expenses would be forthcoming, but he did not receive that payment. Lembeck stated in his deposition that the usual practice of the insurance company was to take a proof

of loss once the loss was settled. Abraham's complaint alleges that the insurance company refused to furnish him with any information as to why a payment for his loss was not made. We conclude that whether Abraham cooperated with Farmers Home in submitting to examination and in providing a sworn statement is a question of fact which should have been decided in a jury trial. *See Rieschl v. Travelers Insurance Co.*, 313 N.W.2d 615, 617 (Minn. 1981) (the question of whether an insured breached the cooperation clause contained in an insurance policy was a question of fact). Summary judgment should not be used where there is doubt about whether genuine issues of material fact need to be resolved. *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). We remand for trial on this issue.

2. Abraham also argues that Minn.Stat. § 65A.01, subd. 3 is unconstitutional because it denies him due process and compels a person to be a witness against himself.

■ Although the constitutionality of § 65A.01, subd. 3 has not been addressed by the courts of this state, various provisions of the Minnesota Standard Fire Insurance Policy have been held constitutional. *See Hardware Dealers Mutual Fire Insurance Co. of Wisconsin v. Glidden Co.*, 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931) (arbitration clause for settlement of losses as condition precedent for doing business within the state held not denial of due process or equal protection); *Supornick v. National Retailers Mutual Insurance Co.*, 209 Minn. 500, 296 N.W. 904 (1941) (penalty and forfeiture clause held constitutional).

The Arizona Court of Appeals in *Warrilow v. Superior Court of the State of Arizona*, 142 Ariz. 250, 689 P.2d 193 (Ariz. Ct.App.1984) addressed the question of whether the insured had a Fifth Amendment right to refuse to answer relevant and material questions posed by the insurer during sworn examination pursuant to the terms of the policy. That court held the protection afforded by the Fifth

Amendment had no application to this type of proceeding.

*Constitutional immunity has no application to a private examination arising out of a contractual relationship.* The examination to which appellants demanded respondent should submit was an extrajudicial proceeding, not authorized by any constitutional or statutory provision, but purely by virtue of a contract between the parties. *To bring a case within the constitutional immunity, it must appear that compulsion was sought under public process of some kind.*

*Id.* at 254, 689 P.2d at 197 (quoting *Hickman v. London Assurance Corp.*, 184 Cal. 524, 195 P. 45 (1920)).

The insurance policy is a voluntary contract between the parties, although the form is prescribed by statute. *Continental Insurance Co. of New York v. Titcomb*, 7 F.2d 833, 834 (8th Cir.1925). Here, the requests made by Farmers Home for an examination were made pursuant to the policy and no judicial proceedings were in progress. We follow the reasoning of *Warrilow* in holding that the trial court was correct in determining that Minn.Stat. § 65A.01, subd. 3 is constitutional.

### DECISION

Affirmed in part, reversed in part and remanded.